MAUD ROBINSON ET AL. V. STATE OF NEBRASKA.

FILED FEBRUARY 16, 1922.  No. 22219.

1. **Information:** SEPARATE COUNTS: ELECTION. "Different felonies of the same class or grade, subject to the same punishment, may be charged in separate counts of an information, and whether the state shall be required to. elect between the several counts at the beginning of the trial is a matter for the sound discretion of the trial court." *Sheppard v. State,* 104 Neb. 709.

2. **Larceny:** PROOF OF VALUE. The value of articles stolen from a stock of merchandise may be established by proof of the price at which they and other like articles are being offered and sold at the place where the articles were stolen.

ERROR to the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Richard J. Organ, W. W. Towle* and *Bruce Fullerton,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

LETTON, J.

Petitioners in error were convicted of the larceny of a large number of articles of merchandise upon two counts, the first charging that the goods therein described were the property of Rudge & Guenzel Company, a corporation, and the other charging the goods therein described were the property of Miller & Paine, a corporation. Motions to quash the information were overruled. A motion for

Robinson v. State.

continuance and separate motions by each defendant to require the state to elect upon which count of the information it would rely for conviction were also overruled. The jury found the defendants guilty on both counts, and found the value of the property described in the first count to be $200, and the value of the property described in the second count to be $65.

Is the evidence sufficient? The testimony shows that the defendants were, on the day the theft occurred, seen in the stores of Miller & Paine and Rudge & Guenzel; that soon after they left the store a number of articles of merchandise were missed; that in the rooms occupied by the defendants at a hotel in the city the stolen property was found in their possession, the price marks and identification tags being removed from a number of articles. The merchandise was fully identified.

The complaint that the court erred in permitting a joinder of the two larcenies in the same information is not a ground for reversal. The acts of larceny were closely connected, in time, place and manner, and both defendants took part in them. The question of election rests largely in the discretion of the trial court, and, unless some prejudice has resulted from the ruling of the court, it will not be held that this discretion has been abused. Under the facts no prejudice occurred. *Korth v. State,* 46 Neb. 631; *Bartley v. State,* 53 Neb. 310; *Sheppard v. State,* 104 Neb. 709.

No error is shown as to the refusal of defendants' motion for a continuance. The court tried the question upon affidavits. These affidavits are not in the record, and it will be presumed that the evidence warranted the refusal.

The evidence was sufficient to establish the identity of the goods. As to the proof of value, there is no better way of showing the market value of any article than the price at which it and others of its class are being offered and sold on the market. This was shown by a number of witnesses. It is not the cost at the place of manu-

facture, or even at the place where the wholesaler conducts his business, which is very often at great distance from the place where offered for sale, which is the criterion, but it is the market value at the place where the articles were stolen. *Jensen v. Palatine Ins. Co.*, 81 Neb. 523; *Omaha Auction & Storage Co. v. Rogers*, 35 Neb. 61.

Complaint is made that certain instructions requested were refused, and that certain of those given failed to state material elements of the crime. When the instructions are taken as a whole, each material and essential element of the crime is specifically pointed out to the jury. There was no error in refusing to give those requested.

It said that instruction No. 14 (evidently meaning instruction No. 15) was erroneous because the forms of verdict submitted only admitted of the finding of both defendants guilty or not guilty. There is no evidence to show that the blank forms of verdicts prepared for the jury contained. No particular form of verdict was prepared or requested by the defendants, or either of them. There is nothing to show that the jury were prevented from returning a separate verdict against each defendant, if they found that one of them was guilty and the other not guilty, or that such a form was not furnished them. There is no merit in this assignment.

The evidence is clear and convincing that the accused committed the crime charged, and they were fairly tried and properly convicted.

AFFIRMED.