STATE OF NEBRASKA, APPELLEE, v. MICHAEL EDWARD CARROLL, APPELLANT.

181 N. W. 2d 436

Filed November 27, 1970. No. 37586.

Lathrop & Albracht, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant was found guilty of grand larceny and sentenced to a term of 2 to 5 years in the Nebraska Penal and Correctional Complex.

The assignments of error relate to the testimony of Orlan Smith as to the value of the stolen merchandise, and whether the State failed to prove the statutory value.

Orlan Smith was the shop foreman and new car manager of Stan Olsen Pontiac, Incorporated, the owner of the property stolen. The property consisted of new tires, wheels, and rims removed from new Pontiac automobiles stored on a fence-enclosed parking lot of Olsen Pontiac. Smith testified that he had been associated with Pontiac dealers for 20 years, and during that time, he had purchased and sold tires and rims. He had also checked the invoices and records of Olsen Pontiac as to the price of tires, wheels, and rims. In answer to separate questions as to the fair and reasonable value or market price of tires, wheels, and rims of the specific kind involved, his answers were that the cost of the tires to the dealer was $30 each; dealer cost of the rally-type wheels was $21 each; and the dealer cost of the plain black rims was $10.95 each. The total cost to the dealer for all items stolen was $439. The jury found and declared the value of the stolen property to be $430. To constitute grand larceny, the statute specifies a value of $100 or upwards. § 28-506, R. R. S. 1943.

The defendant asserts that there was not sufficient foundation to admit the testimony of Orlan Smith as to value. One who is shown to be acquainted with prop-

erty and its fair and reasonable value in the market is competent to testify as to such value. The qualifications of a witness to give testimony as to the value of personal property is a matter committed to the sound discretion of the trial court, and its ruling thereon will only be disturbed when clearly erroneous. Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141.

Rules for establishing value in civil cases are ordinarily applicable in distinguishing between grand and petit larceny. In the sound discretion of the court, the price actually paid for articles of personal property is generally admitted as some evidence of its value at a subsequent period. See, 29 Am. Jur. 2d, Evidence, § 388, p. 440; 50 Am. Jur. 2d, Larceny, § 45, p. 209.

Fair and reasonable market value may be established by evidence of wholesale or retail values or both. Where wholesale and retail prices are both sufficient to establish grand larceny, it is immaterial whether the computation of market value is by reference to one or the other. See State v. Sorrell, 95 Ariz. 220, 388 P. 2d 429.

The basic issue is whether there was sufficient evidence to show that the fair and reasonable market value of the stolen property was in excess of the statutory amount of $100. Evidence of other values is admissible to enable the trier of fact to determine the fair market value. See State v. Randle, 2 Ariz. App. 569, 410 P. 2d 687.

Where items of personal property are bought and sold by dealers in the regular course of business, evidence of the dealers' wholesale price is evidence of the fair and reasonable market value for the purpose of distinguishing between grand and petit larceny. Under the circumstances here, the evidence was clearly sufficient to establish grand larceny.

The trial court properly admitted the testimony of Orlan Smith as to the value of the stolen property. The credibility and the significance to be given to his testimony was for the consideration of the jury.

The judgment of the district court was correct and is affirmed.

AFFIRMED.