STATE OF NEBRASKA, APPELLEE, v. ANTHON JAY RODGERS, APPELLANT.

185 N. W. 2d 448

Filed April 2, 1971. No. 37764.

634

[redacted]

John T. Carpenter of Matthews, Kelley, Cannon & Carpenter, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

On June 17, 1968, robberies occurred at two automobile service stations in Omaha, Nebraska. Approximately 2 hours elapsed between the 2 robberies. Defendant, in separate counts, was charged with participating in each offense. Defendant's objection to the joinder of the two charges in the information and his request for separate trials on each were overruled. He was convicted on both counts.

The only assignment of error refers to the failure of the court to grant separate trials on the two charges or counts. Defendant's contention is limited to an allegation of prejudice stemming from a joint trial of the two offenses. This is based on the assertion that the evidence supporting the offense set out in Count I was insufficient to support a conviction on that count and that a conviction on that count would not have resulted but for the cumulative evidence submitted in support of Count II.

It is necessary to examine the evidence bearing on the offense charged in Count I. Gerald Fay was employed as a chicken cutter at a place of business called "Chicken Delight." He was purchasing from his employer a white 1968 Valiant automobile bearing Nebraska license plate 1-X4335. In the performance of his duties, Fay used a Chinese chopping knife which resembled a meat cleaver. He kept it with him at all times to prevent its becoming dull. The station operator stated a 1968 white Plymouth automobile occupied by

two men drove into the station. The driver got out, threatened him with a meat cleaver, and demanded and took money from him. The other man, who the witness identified as the defendant, got out and entered the station. He was wearing dark glasses. The two men left. The witness stated the license number of the car had an "X" and a "4" in it. He also identified the chopping knife or meat cleaver.

The robbery charged in Count I occurred at about 2:40 p.m. The second offense, in which two men also participated, occurred at about 4:30 to 4:50 p.m. At approximately 5 p.m. the police stopped the Fay automobile which was then occupied by Fay and the defendant. The cutting knife or meat cleaver and two pair of sunglasses were found in the car.

In view of the foregoing evidence, it appears that defendant's contention is without merit. Section 29-2002, R. R. S. 1943, authorizes the joinder and combined trial of certain offenses in the absence of prejudice to the defendant. When the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, they may be joined. If it appears that such joinder would prejudice the defendant, the court may order an election for separate trials of the counts.

Defendant maintains that the combining of the two offenses for trial was prejudicial due to weakness in the evidence on Count I. As pointed out, the record fails to sustain this contention. The question of election between counts and the advisability of joint or separate trials is one directed to the sound discretion of the trial court. It was said in Robinson v. State, 107 Neb. 591, 186 N. W. 977, that: "The question of election rests largely in the discretion of the trial court, and unless some prejudice has resulted from the ruling of the court, it will not be held that this discretion has been abused." See, also, Korth v. State, 46 Neb. 631, 65 N. W. 792;

Sheppard v. State, 104 Neb. 709, 178 N. W. 616, 18 A. L. R. 1074. The element of prejudice charged by defendant is not substantiated and we are unable to observe the presence of any other prejudicial element.

The judgment of the district court is affirmed.

AFFIRMED.