STATE OF NEBRASKA, APPELLEE, v. GEORGE HAYES, APPELLANT.

190 N. W. 2d 621

Filed October 8, 1971. No. 37803.

Thomas D. Carey and Arnold D. Kenyon, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The appellant was charged with receiving or buying stolen goods, to wit, an air conditioner of the value of $100 or upwards with intent to defraud the owner and the jury returned a verdict of guilty. The sole question presented in this appeal is the sufficiency of the evidence to sustain a finding that the value of the property at the time of the receipt or purchase was of the value of $100 or more.

The value of the goods in question is an essential element of the crime and like all other elements thereof the evidence must be sufficient to support a finding of the necessary value beyond a reasonable doubt.

This and other courts have long held that where value of goods is an element of the crime charged and there is a market for the goods, the value to be proved is the market value at the time and place. Robinson v. State, 107 Neb. 591, 186 N. W. 977; Edmonds v. State, 42 Neb. 684, 60 N. W. 957; Engster v. State, 11 Neb. 539, 10 N. W. 453; Rooney v. State, 51 Neb. 576, 71 N. W. 309; Hogoboom v. State, 120 Neb. 525, 234 N. W. 422, 79 A. L. R. 1171; Brooks v. State, 28 Neb. 389, 44 N. W. 436. Only where there is no market value may present replacement or other similar value be used. State v. Randle, 2 Ariz. App. 569, 410 P. 2d 687; 50 Am. Jur. 2d, Larceny, § 45, p. 209.

The State did not present evidence that there was no market for the goods of the type in question. Its only evidence of value was the testimony of an agent of the owner that his recollection of the purchase price of the item was about $225 and that the owner had had it: "Several years, not quite that long, possibly in the third year of having it or maybe less than that." Testimony as to the purchase price of an item costing $225 about 3 years previously is not sufficient to establish either its market or actual value on the date in question.

This witness further testified over objections that reimbursement received from the insurance company was about "$179.00, or one hundred eighty-some, something like that." And, also, "it was right about $170.00 or possibly slightly more that that." There was no evidence to establish the basis of reimbursement by the insurance company. This evidence was insufficient to establish market value on the date in question. The State relies upon State v. Carroll, 186 Neb. 148, 181 N. W. 2d 436. That case does not sustain the State's position. In that case there was testimony of a qualified witness of the wholesale and retail market value of the property in question at the time of the crime.

We hold that the evidence was legally insufficient to establish the market value of the air conditioner on the date of receipt, or in the alternative that there was no market value for the property and what the actual value was.

The defendant introduced the testimony of a dealer in such items who had examined the air conditioner at the police station. He testified that the market value of the item on the date in question was $50 wholesale and $75 retail. There was therefore competent evidence to sustain the verdict as to the lesser-included offense of receiving stolen property of the value less than $100. § 28-513, R. R. S. 1943.

The jury was not directed to make a specific finding of value in its verdict nor is this required. The defendant did not request an instruction on the lesser-included offense. Since the evidence of value is legally insufficient to sustain a finding of value of $100 or upwards, the judgment of the trial court must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR NEW TRIAL.