■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN LAGUER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 8, 1974, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial after a hearing, of defendant's motion to suppress identification testimony. Judgment affirmed. The pretrial photographic identification procedure, though utilizing only a single photograph, was not so unnecessarily or "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" (see *Simmons v United States,* 390 US 377, 384). For all intents and purposes, the sole eyewitness had "identified" appellant as the perpetrator at the scene of the crime. The witness recognized appellant as a fellow resident of the hotel; appellant's room was just around the corner from the witness' and the latter had seen appellant many times before. When the police arrived, within a half hour of the crime, the witness led them to the perpetrator's room. The latter was nowhere to be found, but the police secured certain identification papers belonging to the room's occupant from the hotel management and, shortly thereafter, the witness identified a methadone clinic card containing appellant's photograph as depicting the perpetrator thus confirming his prior information and giving the police a name and a face to work with. Clearly, the focusing upon appellant at this point was not the product of suggestive police action, but of the witness' own information (see *People v Logan,* 25 NY2d 184, 194). We would further note that the witness' in-court identification, in any event, would have had an independent source; namely, his observations at the time of the crime and the fact that he had seen appellant in the hotel on about a dozen occasions prior to the crime. The hearing court correctly ruled that a "mug shot" taken of appellant upon his arrest some eight days after the crime, would be admissible in evidence upon the trial to establish appellant's appearance shortly after the crime; appellant had grown a beard since the crime (see *People v Logan, supra; People v Griffin,* 29 NY2d 91; *People v Greenridge,* 46 AD2d 947). Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.