STATE OF NEBRASKA, APPELLEE, V. LARRY J.
STEPHENSON, APPELLANT.

258 N. W. 2d 824

Filed November 2, 1977.   No. 41166.

Larry J. Stephenson, pro se.

Paul L. Douglas, Attorney General, and Ralph H.
Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, Larry J. Stephenson, after a jury trial,
was convicted of manslaughter in the death of his in-
fant son.  He prosecutes error, alleging the insuffi-
ciency of the evidence, the admission of certain
photographs, and an excessive sentence.  We affirm.

Defendant attacks the sufficiency of the evidence
but does not indicate in what respect he believes it
was deficient.  He and his wife were quarreling.
When their pickup arrived at the motel defendant
got out and his wife locked the door behind him.  De-
fendant was observed retrieving an object from the
back of his pickup and throwing it through the win-

dow on the passenger side. The window was completely shattered and broken. Defendant was observed moving his arm up and down in the pickup through the window.

Defendant's 5-week-old son was on a pillow in the center of the seat. He was immediately injured and subsequently died from those injuries. One doctor testified the baby had a fractured skull. Another doctor testified it would have taken a tremendous amount of force to cause the injuries which caused the child's death. In his opinion the injuries were consistent with being struck by defendant's hammer. From the photographs it appears to be what is commonly called a sledge hammer.

Defendant testified he broke the window with his fist. The photographs in evidence indicate that the window was completely smashed and the seat was covered with glass. It tests credulity to believe the damage which resulted could have been accomplished with a blow by the fist.

The hurling of the hammer through the window was obviously an assault. It clearly constituted an unlawful act, as contemplated by section 28-403, R. R. S. 1943. It resulted in the death of the baby. The evidence was not only sufficient, it was conclusive.

Defendant is apparently claiming the testimony of the disinterested witness and the physical facts are rebutted by his testimony and that of his wife. "It is not the province of this court on appeal to pass on the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence in a criminal case. These matters are for the jury." State v. Andrews, *ante* p. 60, 255 N. W. 2d 875 (1977).

Defendant argues the admission of exhibits 1 to 17, photographs taken by a police photographer at the scene were prejudicial. Four of the photographs depict the area in front of the motel where the incident occurred. The remaining photographs show various exterior and interior views of the pickup

truck. The pickup had been moved to a different location on the premises before the photographs of it were taken. This in no way could have changed the views depicted.

The evidence also indicates that one of the prosecution witnesses, in the presence of a police officer, picked up the hammer from the floor of the truck and returned it to a different position on the floor. The evidence does not disclose that anything else was disturbed prior to the time the pictures were taken. This could not in any way have been prejudicial.

Photographs are admissible in evidence if shown to be true and correct representations of the places or subjects they purport to represent at times pertinent to the inquiry. Their admission is largely within the discretion of the trial court, and unless an abuse of discretion is shown error may not be predicated thereon. State v. Ell, 196 Neb. 800, 246 N. W. 2d 594 (1976).

A photograph proved to be a true representation of what it depicts may properly be received in evidence if a proper foundation is laid. State v. Williams, 182 Neb. 372, 155 N. W. 2d 189 (1967). The District Court did not abuse its discretion in receiving exhibits 1 to 17 in evidence.

Defendant's final contention is that the sentence imposed is excessive. Defendant was found to be an habitual criminal. He was sentenced to 15 years in the Penal and Correctional Complex. The habitual criminal charge was based upon two Kansas felony convictions, one in 1960 for larceny and another in 1963 for attempted robbery and felonious assault.

The penalty prescribed for an habitual criminal is not less than 10 nor more than 60 years. § 29-2221, R. R. S. 1943. Defendant's sentence, by virtue of section 83-1,105, R. R. S. 1943, is an indeterminate one of not less than 10 nor more than 15 years. A sentence within the statutory limits will not be disturbed on appeal absent an abuse of discretion. State v. Hat-

ridge, *ante* p. 142, 256 N. W. 2d 327 (1977). There was no abuse of discretion in this case.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. J., not participating.