STATE OF NEBRASKA, APPELLEE, V. JAMES E. BIRGE, APPELLANT.

340 N.W.2d 434

Filed November 28, 1983. No. 83-095.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant was convicted of burglary and sentenced to a prison term of 5 to 15 years. On appeal he contends the trial court erred when "mug shots" of the defendant were admitted into evidence without proper foundation, and because the photographs were prejudicial.

On May 27, 1982, a tenant at the Pleasant View West apartment complex heard hammering noises coming from one of the lower floors. The noise continued for some time and the tenant became concerned. When the tenant looked out the window of his apartment, he saw two men standing outside the laundry room at the ground floor level. The tenant said he had seen the men move a large object into the laundry room. The tenant described the men as black, one wearing light clothing and the other wearing dark clothing. The tenant then called the police.

Shortly thereafter, when the police arrived, the men ran in different directions. Officer Sklenar chased the man in the light-colored clothing, and Officer Marion chased the other man. Both men were apprehended.

Sklenar testified that when he arrested the defendant, the defendant was dressed in light tan-colored clothing and had a screwdriver on his person. Sklenar also testified that the defendant was within Sklenar's sight during the entire chase except for a fraction of a second. Shortly after the arrest, the tenant identified the defendant as one of the men he had seen from his window.

Other witnesses testified that a television set had

been unbolted from the floor of the recreation room and moved to the laundry room. A clock and a set of rabbit ears which had been on the TV had also been removed from the recreation room. Pieces of a screwdriver handle were found on the floor.

On redirect examination of Sklenar a "mug shot" of defendant was received in evidence. The photograph shows front and side views of the defendant dressed in a light tan-colored shirt. A display board in the photograph has the following markings on it: "2 9 82" and "AHA NE - POLICE." Officer Sklenar testified with regard to the photograph as follows: "Q. Showing you what has been marked by the Court Reporter as states [sic] Exhibit 13, would you look at that exhibit and tell me if you recognize that photograph? A. It's a picture of Mr. James Birge. Q. Okay. Is Mr. Birge clad in a shirt in that photograph? A. Yes. Q. What color is that shirt? A. Tan. Q. Is that the same shirt that he was wearing the night that he was arrested? A. Yes. Q. Does that photograph accurately show how Mr. Birge looked on the night in question in the early morning hours? A. Yes. Q. Shows his upper torso? A. Yes. Q. Hair and beard and that? A. Yes. MR. McKENNEY: I would offer Exhibit 13 into evidence. MR. CRAMER: May I ask foundation questions, your Honor? THE COURT: You may. (FOUNDATIONAL EXAMINATION BY MR. CRAMER) Q. Mr. Sklenar, do you know who took that photograph? A. No. Q. Prior to this photograph being handed to you, do you know who had custody of this photograph? A. No. Q. Do you know what the date of this photograph is? A. Date? Q. Yes. A. No. MR. CRAMER: Objection to lack of foundation. THE COURT: Overruled."

The defendant argues that the State failed to lay a proper foundation for the admission of the photograph. The determination of the admissibility of a photograph is within the discretion of the trial court. The decision of the trial court will not be reversed in

the absence of a clear abuse of discretion. *State v. Brittain*, 212 Neb. 686, 325 N.W.2d 141 (1982); *State v. Brown*, 201 Neb. 536, 270 N.W.2d 318 (1978).

In the present case the defendant argues that because there was no proof that the photograph was a true and correct representation of the subject at the time pertinent to the inquiry, it was not relevant to any issue in the case. The defendant argues, in essence, that to be admissible as proof of how the defendant looked on May 27, 1982, it must be shown that the photo was taken on that date. This argument is not persuasive.

In *State v. Ortiz*, 187 Neb. 515, 192 N.W.2d 151 (1971), this court held that photographs taken after a body had been removed from the murder scene were relevant and properly admitted to show peculiarities which facilitated identification.

In *State v. Blackwell*, 184 Neb. 121, 165 N.W.2d 730 (1969), we held that photographs of the defendant taken at the police station after his arrest were relevant to issues of defendant's ability to commit the crime and to a claim that the victim had assaulted defendant, and were properly admitted.

In *Lawrence v. State*, ____ Ind. ____, 412 N.E.2d 236 (1980), a photograph taken 2 months prior to the rape with which defendant was charged was held admissible. The photograph showed defendant with a goatee which he had shaved off before the time of trial. The victim had identified her assailant as having a goatee, and the defendant questioned her identification on cross-examination. The photograph was held to be relevant to the issue of identification and therefore admissible.

In *People v. Laguer*, 58 A.D.2d 610, 395 N.Y.S.2d 226 (1977), the court held that a "mug shot" taken of the defendant 8 days after his arrest was relevant to the issue of identification because the defendant had grown a beard since the crime.

The photograph in the present case shows defendant dressed in a light tan-colored shirt. The tenant

initially made an identification of defendant through a description of his clothing. The proper inquiry with regard to the relevancy of the photograph is not whether the picture was taken on the evening in question but, rather, whether this was the shirt in which defendant was dressed at that time. Sklenar testified that the shirt in the picture was the same shirt the defendant was wearing at the time of his arrest. This constituted sufficient foundation for admission of the photograph. It was relevant to the issue of identification of the defendant and was properly admitted.

The defendant now argues that the "mug shot" prejudiced him in that it was an attempt to show that he had a past criminal record and that it would influence the jury to conclude that he had a tendency to commit crime. Defendant argues that the State was thus permitted to put on evidence of bad character even though the defendant had not first put his character in issue.

We note that at the time the exhibit was introduced defendant's only objection was that the proper foundation was lacking. No objection was made at that time regarding a prejudicial effect of the photograph. A proper objection, stating the specific grounds therefor, and an adverse ruling thereon must appear on the record to preserve the issue for consideration on appeal. See *Haines v. State*, 170 Neb. 304, 102 N.W.2d 609 (1960). The defendant did not preserve this issue by a proper objection at the time the exhibit was offered. However, an objection was made at a later time, and we discuss the issue, as it is an important one.

"A police photograph is admissible to show the reasonableness of a witness' identification that the offender and the person depicted are the same. It is not admissible simply to prejudice the jurors by suggesting to them that the defendant has a prior criminal record." *People v. Byrd*, 43 Ill. App. 3d 735, 741, 357 N.E.2d 174, 178 (1976).

"If the State proves that the [police file] photograph in question is not unduly prejudicial and that it has substantial evidential value independent of other evidence, it is admissible." *Lawrence v. State, supra* at ____, 412 N.E.2d at 238.

As noted earlier, the photograph in the present case was probative on the issue of identification. It was not admitted simply to suggest that defendant had a prior criminal record. However, caution must be exercised when introducing police file photographs so that defendant is not prejudiced by evidence of a prior contact with the police. In *Commonwealth v. Cobb*, 374 Mass. 514, 522-23, 373 N.E.2d 1145, 1150-51 (1978), the court stated: "[U]se in evidence of police file photographs . . . creates a risk that the jury will assume that the defendant has a prior criminal record. In order to avoid such a prejudicial effect where the fact of a prior criminal record is not properly before the jury, we noted that 'prosecuting counsel usually should avoid (a) use of such pictures in a form in which they may be identified as police pictures and (b) references in testimony to the files from which they were obtained.' [Citations omitted.]

". . . There is nothing in the testimony of either witness which is offensive to [this] directive . . . that references to the source of identification photographs in police files be avoided. However, the manner of presentation of the photographs themselves in evidence may have created in the minds of the jury an implication that the photographs were police 'mug shots.' It appears from the transcript that objections and other interchanges among the attorneys and the judge served to focus the jury's attention on the fact that certain markings on the photographs were to be obscured by tape to avoid prejudice to the defendant. However, it should be noted that counsel for the defendant failed to take advantage of the opportunity at a bench conference just prior to introduction of the photographs to have

the photographs 'sanitized' to the extent possible before the jury were made aware of them. . . . Such preventive action would have been desirable and would not have called on the defendant's counsel to exercise extraordinary powers of foresight. The admission of the photographs themselves in evidence did not constitute error."

In the present case the State properly did not elicit any testimony regarding the circumstances under which the photograph was taken. The defendant objected to the admission of the photograph for lack of foundation. The defendant made no objection that the exhibit's prejudicial effect outweighed its probative value.

The defendant has argued that the failure to elicit the purpose for which the photograph was taken was a foundational defect precluding admissibility. Such inquiry would only have served to put the jury on notice of defendant's prior record, and would violate the rule set out above. There is no error when no prejudice is caused to defendant. See *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983).

We further note that, in any event, any error resulting from the admission of the photograph was harmless error.

The defendant testified on direct examination that he had been convicted of two prior felonies. Thus, the jury was informed of the defendant's prior criminal record by his own testimony.

The evidence clearly establishes defendant's guilt. Defendant was observed by the tenant carrying a TV which had been unbolted from the floor. There was some testimony to the effect that the defendant's palm print was on the top of the television set. The tenant described defendant's attire and watched him until he ran from the police. But for a brief second, defendant remained in the sight of the officer who gave chase. The officer then arrested defendant, who was out of breath from the chase. The tenant immediately thereafter identified defendant as the

man he had seen by the laundry room. A screwdriver was found on his person. In determining whether the rights of a defendant have been prejudiced such that a reversal of a conviction is warranted, the claim of prejudice must be evaluated in the context of the entire record. *State v. Dandridge*, 209 Neb. 885, 312 N.W.2d 286 (1981).

The evidence supports a finding of guilty beyond a reasonable doubt, such that the photograph could not be said to have prejudiced the jury. See *State v. Dandridge, supra*.

The judgment is affirmed.

AFFIRMED.

GRANT, J., not participating.