STATE OF NEBRASKA, APPELLEE, V. JAMES E. BIRGE, APPELLANT.

393 N.W.2d 713

Filed September 26, 1986.    No. 86-009.

Jeffrey L. Marcuzzo, for appellant.

Robert M. Spire, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

The defendant was convicted of burglary and sentenced to imprisonment for 5 to 15 years. The judgment was affirmed in *State v. Birge*, 215 Neb. 761, 340 N.W.2d 434 (1983).

On February 11, 1985, the defendant filed a motion for postconviction relief. After a brief evidentiary hearing on November 25, 1985, the motion was overruled. From that order the defendant has appealed.

The defendant makes three contentions in regard to his trial on the burglary charge. The first relates to the testimony of a fingerprint expert called by the State. The defendant contends that because some of the testimony of this witness was inconsistent, he was deprived of due process of law.

The witness in question testified as to her investigation of the burglary scene and the various prints found there. During cross-examination by defense counsel, she made a statement inconsistent with a statement made during direct examination. No objection was made to her testimony at the trial. This testimony was relevant to the issues in dispute and was testimony which would assist the jury in understanding the evidence presented against appellant.

Expert testimony, including scientific, technical, or other specialized knowledge, is admissible when it will assist the trier of fact to understand the evidence or determine a fact in issue. Neb. Rev. Stat. § 27-702 (Reissue 1985).

The defendant next contends that he was prejudiced by the introduction of a photograph of him taken February 9, 1982, several months prior to the night of his arrest for the burglary. Officer Robert Sklenar, who arrested the defendant after a chase from the scene of the burglary, testified that the

defendant was wearing a light tan shirt and light tan pants, the same shirt as depicted in the photograph. A second photograph apparently taken by the department of corrections on May 27, 1982, supposedly depicts the defendant wearing a dark shirt. The defendant contends he was wearing a dark shirt when he was apprehended by Officer Sklenar after the burglary.

According to the State, the second photograph was not discovered until the second or third day of the trial, at which time it was shown to defense counsel. The second photograph was not offered in evidence at the trial or at the hearing on the motion for postconviction relief, but a "copy" reproduced on a copying machine was attached to an affidavit submitted in support of the motion for new trial and appears in the record of the first case.

The trial court found that the issue had been determined in the prior appeal or could have been raised at that time. An action for postconviction relief may not be used to secure the review of an issue capable of being reviewed in a direct appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985).

The defendant's final contention is that trial counsel was ineffective because he failed to "sanitize" the February 9, 1982, photograph introduced at trial, a "mug shot" of the defendant, by removing the police file markings. This court has adopted a two-part test to determine whether a defendant received effective counsel: first, the attorney must perform at least as well as an attorney in that area with ordinary skill in criminal law, and second, the attorney must conscientiously protect the client's interests. *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). Additionally, the defendant must show that in the absence of the attorney's error the result of the case would have been different. *State v. Hochstein, supra.*

In *State v. Birge, supra*, we held the introduction of the photograph with the police markings did not prejudice the defendant because he testified about his prior felony convictions on direct examination. Thus, the failure to sanitize the photograph did not cause a different result than if the markings had been removed.

The judgment of the district court is affirmed.

AFFIRMED.