■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VANDERHALL, Appellant.—Appeal by the defendant

from a judgment of the County Court, Nassau Count (Harrington, J.), rendered October 9, 1985, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the court's *Sandoval* ruling which permitted questioning about several prior larceny convictions and a conviction for attempted criminal possession of stolen property, at the defendant's trial for grand larceny. Initially we note that there is no automatic bar to questioning a defendant about prior convictions simply because they are similar to the crime charged *(see, People v Alexander,* 154 AD2d 607). Crimes involving theft are highly probative as to the defendant's willingness to place his self-interest ahead of that of society *(see, People v Torres,* 110 AD2d 794, 795). Since these prior convictions related directly to the defendant's honesty and integrity, the trial court properly exercised its discretion in allowing them to be used for impeachment purposes.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The proof adduced at trial revealed that the defendant concealed a video camera under his coat and walked out of the Abraham & Strauss Department Store without paying for it. The value of the video camera was established by two store security personnel, who testified to the value of the camera as reflected on the price tag *(see, People v Irrizari,* 5 NY2d 142; *People v Basir,* 141 AD2d 745).

We have reviewed the defendant's remaining contentions and find that they are either without merit or involved harmless error *(see, People v Crimmins,* 36 NY2d 230). Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.