STATE OF NEBRASKA, APPELLEE, v. RICKY J. WEAVER, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. CHARLES L. WEAVER, APPELLANT.

465 N.W.2d 470

Filed February 1, 1991.    Nos. 90-169, 90-227.

Nile K. Johnson for appellants.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

186

Hastings, C.J., White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ., and Colwell, D.J., Retired.

Hastings, C.J.

These are consolidated criminal prosecutions of two defendants, Charles L. Weaver and Ricky J. Weaver, for the offenses of theft of property belonging to Tage Christensen on April 20, 1989, contrary to Neb. Rev. Stat. § 28-511 (Reissue 1989).

Both defendants were found guilty, and by its verdicts the jury determined the value of the property taken to be $300. The trial court sentenced the defendants to indeterminate terms of imprisonment of not less than 20 months nor more than 5 years, with credit for jail time served.

The defendants assign as error the insufficiency of the evidence to sustain the finding of value of the property taken and the failure of the trial court to instruct on a lesser-included offense. We affirm.

Section 28-511 provides in part that "(1) [a] person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." Neb. Rev. Stat. § 28-518 (Reissue 1989) states that "(2) [t]heft constitutes a Class IV felony when the value of the thing involved is three hundred dollars or more, but not over one thousand dollars." The maximum term of imprisonment for a Class IV felony is 5 years.

In determining whether the evidence is sufficient to sustain a finding or verdict in a jury trial, this court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. *State v. Thomas*, 236 Neb. 568, 462 N.W.2d 618 (1990); *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990). Determinations of factual issues in a criminal trial are for the finder of fact, and those findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. See *State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989). The determination of the value of property stolen, upon a conviction of theft, is a question of fact to be determined by the

jury. *State v. Culver, supra.*

Jeff Christensen, the son of the owner of the property, described the property as consisting of a closed toolbox, a Skil Saw, a drill, and a chain saw. A picture taken by the authorities shows a closed toolbox, a circular saw, a drill, and a chain saw. There was testimony by the owner of the property, as well as by an independent appraiser who qualified as an expert, that the property was of the value of at least $300. The evidence fully supported the finding by the jury of the value of the property. There is no merit to the defendants' first assignments of error.

In their second assignments of error the defendants claim that the court should have instructed their jury on a lesser-included offense. They argue that there was evidence indicating that the value of the property was less than $300, which would reduce the charge from a Class IV felony to a Class I misdemeanor. The expert witness, who testified as to a $300 value, stated on cross-examination that his appraisal could be off by as much as 10 percent.

However, the defendants overlook the fact that the value of the property stolen is not an element of the crime and is important only in determining the penalty. *State v. Culver, supra.* The trial court instructed the jury that the elements of the crime necessary for conviction were that the defendants did exercise control over movable property of the victim, with the intent to deprive the victim thereof, and that the property had value. There is no lesser-included offense involved, only the one offense of theft. The defendants had the benefit of an instruction to the jury that if it found the defendants guilty, it must fix a value on the property stolen. It is by that finding that the sentencing court must determine the grade of the offense committed, and to that extent the defendants were given the opportunity of being found guilty of "a lesser-included offense."

The judgments of the district court are affirmed.

AFFIRMED.