STATE OF NEBRASKA, APPELLEE, V. ALICE GARZA, APPELLANT.

487 N.W.2d 551

Filed August 14, 1992.    No. S-91-538.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Alice Garza appeals from her conviction in a bench trial in the district court for Hall County on the charge of felony shoplifting, theft of movable property with a value more than $300, but less than $1,000, see Neb. Rev. Stat. § 28-518 (Reissue 1989) (grades of theft offenses), which is a violation of Neb. Rev. Stat. § 28-511.01 (Reissue 1989) of the Nebraska Criminal Code, that provides in relevant part:

> (1) A person commits the crime of theft by shoplifting when he or she, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession of such property or its retail value, in whole or in part, does any of the following:
>
> (a) Conceals or takes possession of the goods or merchandise of any store or retail establishment . . . .

## GARZA'S TRIAL

*Evidence of Theft.*

Late in the afternoon of September 29, 1990, Timothy Meguire, an off-duty Grand Island police officer, was working as a security or "loss-prevention" officer for Dillard's department store at the Conestoga Mall in Grand Island. Meguire noticed a couple "weaving through the display racks" in the juniors department at Dillard's. Meguire, as a result of his previous police work, recognized Alice Garza as one of the couple. Garza was wearing a "new suede black jacket" and had "a large black and white shopping bag over her shoulder that

was stuffed full." Meguire followed as Garza and her companion left Dillard's and proceeded to an automobile in the mall parking lot, where Meguire observed Garza place the suede jacket in the car.

Meguire, who had returned to Dillard's, used a store telephone to contact a salesperson in Dillard's juniors department and ascertain whether any jackets had been sold. At that point, Meguire saw Garza and her companion reenter Dillard's, where Meguire detained the couple and summoned Nancy VanBibber, Dillard's assistant store and operations manager. When VanBibber appeared on the scene, Meguire recounted what he had observed and asked Garza to accompany him to the car in the parking lot. En route, Garza, without any inquiry or prompting from Meguire, said: "Okay, I'll be honest with you. I took two jackets and two dresses." When Garza and Meguire arrived at the car, Garza opened the car's door, "reached in, pulled the two jackets and the two dresses out and gave them" to Meguire. On returning to Dillard's with Garza, Meguire took the articles that Garza had handed over and placed them on a store counter in the presence of VanBibber. Meguire then took a color photograph of the suede jacket, brown jacket, gold dress, and blue dress which Garza had removed from the car in the parking lot. Garza "admitted stealing" the jackets and dresses. Police were summoned and, apparently, arrested Garza for shoplifting.

Under Dillard's procedure, a clerk at a checkout counter "rings a sale on the register" and then, without removing the sales or price tag, places the sold item in a bag with a Dillard's receipt. Sales or price tags were still affixed to the dresses surrendered by Garza and depicted in the photograph taken by Meguire.

At Garza's trial, the photograph taken by Meguire was offered during the State's case. Meguire testified that the photograph "fairly and accurately represented the condition of the property [that he] received from [Garza] on September 29, 1990." VanBibber, who was present when the photograph was taken, testified that the depicted items were offered for sale at Dillard's. When the State offered the photograph as evidence, there was no accompanying written statement containing

verification by the arresting officer. Over Garza's objection (relevance, foundation), the court received the photograph into evidence on the basis of § 28-511.01(2), which provides:

In any prosecution for theft by shoplifting, photographs of the shoplifted property may be accepted as prima facie evidence as to the identity of the property. Such photograph shall be accompanied by a written statement containing the following:

(a) A description of the property;

(b) The name of the owner or owners of the property;

(c) The time, date, and location where the shoplifting occurred;

(d) The time and date the photograph was taken;

(e) The name of the photographer; and

(f) Verification by the arresting officer.

The purpose of this subsection is to allow the owner or owners of shoplifted property the use of such property during pending criminal prosecutions.

## Evidence of Property Value.

Regarding the items surrendered by Garza and depicted in the photograph taken by Meguire, the court sustained Garza's objection to VanBibber's testifying about the "value" of the four items. Immediately thereafter, over Garza's objection and referring to the price or sales tag for each item taken by Garza, VanBibber testified and verified Dillard's price: The suede jacket had a price of $85, while the brown jacket was priced at $170, the gold dress at $130, and the blue dress at $152, so that the total of the prices was $537.

Garza offered no evidence.

At the conclusion of the trial, the court found Garza guilty of shoplifting property with a value greater than $300, but less than $1,000, and later sentenced Garza to prison for a term of 1 to 2 years. See § 28-518(2) (Class IV felony for theft of property valued at $300 or more, but less than $1,000) and Neb. Rev. Stat. § 28-105(1) (Reissue 1989) (punishment for a Class IV felony conviction).

## ASSIGNMENTS OF ERROR

Garza contends that the photograph taken by Meguire was

inadmissible under § 28-511.01(2) (photographs in shoplifting cases) and that the evidence is insufficient to sustain Garza's conviction and sentence.

## STANDARD OF REVIEW

The erroneous admission of evidence in a bench trial of a law action, including a criminal case tried without a jury, is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's necessary factual findings; hence, in a bench trial, a reversal is warranted if the record shows that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence. See, *State v. Thomas*, 240 Neb. 545, 483 N.W.2d 527 (1992); *State v. Lomack*, 239 Neb. 368, 476 N.W.2d 237 (1991).

## AGGREGATE VS. INDIVIDUAL VALUE

Before addressing Garza's assignments of error, we must consider a particular aspect of Garza's appeal that has been only obliquely and briefly mentioned by the parties in their briefs and oral arguments before this court. Each of the four items which are the subject of the charge against Garza has a price established by Dillard's. Assuming for the time being and for the present purpose that "price" is equated with or a synonym for "value" in the theft-shoplifting statutes, the four articles in question, considered collectively and in combination, have an aggregate or total value of $537, a value that serves as a basis for felony punishment on conviction. On the other hand, if each of the jackets and dresses is considered separately, without combining their values, the individual values of the brown jacket and two dresses exceed $100, but are less than $300, values authorizing punishment for theft as a Class I misdemeanor, see § 28-518(3), while the value of the suede jacket was $85, authorizing punishment for theft as a Class II misdemeanor, see § 28-518(4). Thus, an important question is whether the items in Garza's case must be considered collectively for an aggregate or total value of the items to determine the grade of the theft offense, or whether those items must be considered only individually, without reference to the

aggregate or total value of the individual items.

We note that the incident in Garza's case is one completed transaction involving Garza's simultaneous removal of four items of property from Dillard's store. An act of theft involving multiple items of property stolen simultaneously at the same place constitutes one offense, in which the value of the individual stolen items may be considered collectively for the aggregate or total value of the property stolen to determine the grade of the theft offense under § 28-518. See, *State v. Mays*, 203 Neb. 487, 279 N.W.2d 146 (1979) (theft committed before effective date of the Nebraska Criminal Code; value of individual items stolen from an owner in a series of acts may be considered aggregately to determine value of the stolen property); *Fair v. Com.*, 652 S.W.2d 864 (Ky. 1983) (single offense when several property items are stolen at the same time and place); *People v. Dist. Ct.*, 192 Colo. 355, 559 P.2d 1106 (1977) (stealing several articles of property at the same time and place is a single offense); *People v. Bauer*, 1 Cal. 3d 368, 461 P.2d 637, 82 Cal. Rptr. 357 (1969) (theft of several articles at the same time constitutes one offense); *Hearn v. State*, 55 So. 2d 559 (Fla. 1951) (stealing several articles at the same time and place is a single offense).

## EVIDENCE OF THEFT

Garza asserts that the photograph taken by Meguire was inadmissible under § 28-511.01(2). The State, apparently acknowledging the absence of an accompanying written statement that contains verification by the arresting officer, "concedes that the photograph in the present case does not comply with §28-511.01," brief for appellee at 8, but contends that the photograph is admissible under the Nebraska Evidence Rules, independent of § 28-511.01.

Regarding authentication or identification, Neb. Evid. R. 901(1), Neb. Rev. Stat. § 27-901(1) (Reissue 1989), states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

A photograph is admissible in evidence if the photograph's

subject matter or contents are depicted truly and accurately at a time pertinent to the inquiry and the photograph has probative value as relevant evidence. See, Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1989) (relevant evidence defined); *State v. McCaslin*, 240 Neb. 482, 482 N.W.2d 558 (1992); *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991); *State v. Stephenson*, 199 Neb. 362, 258 N.W.2d 824 (1977).

"Admission or exclusion of photographs as evidence is within the discretion of a trial court, whose evidential ruling on the photographs will be upheld on appeal unless the trial court abused its discretion." *State v. Juhl*, 234 Neb. 33, 42, 449 N.W.2d 202, 209 (1989). Accord *State v. Birge*, 215 Neb. 761, 340 N.W.2d 434 (1983).

Through VanBibber and Meguire, the State presented a foundation that the photograph's subject matter, Dillard's property, was truly and accurately depicted at the time pertinent to Garza's presence in Dillard's store. Beyond question, the photograph taken by Meguire and depicting the four items of Dillard's property was relevant to the prosecution of Garza. The photograph not only complemented Meguire's and VanBibber's testimony, but made the existence of a crucial fact, namely, Garza's removal of the property from Dillard's store, more probable as the result of a depiction that the articles could easily be concealed in the bag that Garza carried over her shoulder when she left the store and proceeded into the mall's parking lot. We find no abuse of discretion in the trial court's admission of the photograph as evidence against Garza.

Without restating the several salient facts established in the State's case against Garza, we conclude that the evidence supports Garza's conviction. See *State v. Thomas*, 240 Neb. 545, 483 N.W.2d 527 (1992) (reviewing a conviction in a bench trial, an appellate court construes admissible and relevant evidence favorably to the State). See, also, *State v. Twohig*, 238 Neb. 92, 469 N.W.2d 344 (1991). Consequently, we affirm the district court's judgment that Garza was guilty of theft by shoplifting, in violation of § 28-511.01.

## EVIDENCE OF VALUE

Next is the question concerning the punishment imposed on

Garza.

Unless specified by the statute defining a criminal offense of theft, the value of property is not an element of the crime of theft, but is relevant to the grade of the offense and determines the penalty that may be imposed on conviction. See, *State v. Sexton*, 240 Neb. 466, 482 N.W.2d 567 (1992); *State v. Weaver*, 237 Neb. 185, 465 N.W.2d 470 (1991); *State v. Schaaf*, 234 Neb. 144, 449 N.W.2d 762 (1989); *State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989). See, also, *State v. Reed*, 228 Neb. 645, 423 N.W.2d 777 (1988); *State v. Redding*, 213 Neb. 887, 331 N.W.2d 811 (1983). Cf. *State v. Pierce*, 231 Neb. 966, 439 N.W.2d 435 (1989) (pecuniary loss is not an element of the crime of criminal mischief, but establishes the grade of the offense to determine which punishment or penalty may be imposed on conviction). Thus, under § 28-518, the greater the value of the property involved in a theft, the more severe the punishment which may be imposed on conviction for the theft. Regarding the grades of theft, expressed in § 28-518, the value of property is a question for the fact finder, whose finding will not be set aside unless clearly erroneous. See, *State v. Weik*, 206 Neb. 217, 292 N.W.2d 289 (1980); *State v. Hayes*, 187 Neb. 325, 190 N.W.2d 621 (1971). Although value is not an element of theft, the State must prove, by evidence beyond a reasonable doubt, the value of the property that is the subject of the theft charge. See, *State v. Sexton, supra*; *State v. Schaaf, supra*.

Value to be proved concerning a theft charge is market value at the time and place where the property was criminally appropriated. See, *State v. Sexton, supra*; *State v. Clancy*, 224 Neb. 492, 398 N.W.2d 710 (1987); *State v. Weik, supra*; *State v. Hayes, supra*. Rules for establishing value in civil actions apply in a criminal case, to determine the grade of the theft prosecuted. See, *State v. Weik, supra*; *State v. Carroll*, 186 Neb. 148, 181 N.W.2d 436 (1970). In *Robinson v. State*, 107 Neb. 591, 592, 186 N.W. 977, 978 (1922), which involved a prosecution for theft, this court stated: "As to the proof of value, there is no better way of showing the market value of any article than the price at which it and others of its class are being offered and sold on the market." See, also, *State v. Sexton, supra* (value of a stolen article is proved by showing the price at

which the article and like articles are being offered and sold at the site where the articles were stolen). Thus, in reference to the crime of theft, value is established by evidence concerning the price at which property identical or reasonably similar to the property stolen is offered for sale and sold in proximity to the site of the theft.

The State contends that, by themselves, price tags for the items taken by Garza establish value for the property and, in support of its position, refers us to a series of decisions to the effect that price tags alone establish value of property. See, *State v. Stout*, 273 N.W.2d 621 (Minn. 1978); *Kowalczk v. State*, 195 Ga. App. 714, 394 S.E.2d 594 (1990); *Scott v. State*, 519 So. 2d 734 (Fla. App. 1988); *Norris v. State*, 475 S.W.2d 553 (Tenn. Crim. App. 1971).

However, we bear in mind those Nebraska decisions, previously mentioned, regarding the nature of value in reference to the crime of theft, and point out an important distinction between "price" and "value." "Price" is "the amount of money given or set as the amount to be given as a consideration for the sale of a specified thing." Webster's Third New International Dictionary, Unabridged 1798 (1981). Thus, price is the amount that a willing seller indicates as acceptable payment for an article offered for sale, whereas value, in relation to a theft charge, is the price obtainable for property offered for sale in a market. Consequently, a price tag merely expresses the amount at which a seller offers an article for sale, a sum the seller hopes to obtain, and does not necessarily indicate the amount obtainable in the market through payment for the article offered for sale.

In Garza's case, VanBibber's testimony was directed toward the price tags on the articles taken by Garza and the price asked by Dillard's for those articles. VanBibber's testimony on price was irrelevant to the issue of value for the property taken by Garza and should have been excluded pursuant to Garza's relevance objection. Therefore, the evidence failed to establish that the amount expressed on the price tags, or the prices mentioned by VanBibber, were the amounts that purchasers were paying for similar articles offered for sale in proximity to the Dillard's store. Asking is one thing; getting is something

quite different. As a commercial truism, the preceding can be attested by any retailer who, confronted with lethargic consumers, reduces prices in the hope of achieving sales. This is not to say or be construed as saying, however, that a price tag, reflecting a seller's expression of the price for a sale, is never evidence of value. Evidence of price, when determined by and reflective of current market conditions for the sale of an item, may be admissible on the issue of value. See, *State v. McPhie*, 104 Idaho 652, 662 P.2d 233 (1983); *Lee v. State*, 264 Ark. 384, 571 S.W.2d 603 (1978); *People v. Codding*, 191 Colo. 168, 551 P.2d 192 (1976).

In the final analysis, the State presented evidence on price, but nothing on value to justify a finding of theft punishable as a felony. The district court obviously used VanBibber's testimony equating price with value and, consequently, found that the stolen property had a value greater than $300, but less than $1,000. That finding is unsupported by relevant evidence, and, therefore, is an erroneous finding that was the basis for the felony sentence imposed on Garza. However, the evidence shows, beyond a reasonable doubt, that the property stolen by Garza had some intrinsic value that translates into nominal market value, notwithstanding the absence of evidence establishing a specific value for the stolen property. For that reason, we set aside the felony sentence imposed on Garza and remand this matter to the district court with direction to impose an appropriate sentence on Garza for misdemeanor theft of property with a value less than $100, a Class II misdemeanor. See § 28-518(4).

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR RESENTENCING.

BOSLAUGH, J., dissenting.

I dissent only from that part of the opinion that holds there was a failure of proof that the value of the merchandise stolen was in excess of $300.

The statute, Neb. Rev. Stat. § 28-511.01 (Reissue 1989), requires only proof of the "retail value" of the merchandise stolen. The statute itself refers to "retail price," "price marking," and, in three different places, to "price tag."

The assistant store manager testified that the four items

stolen had price tags of $85, $170, $130, and $152. This evidence was sufficient to establish that the total retail value of the items stolen was in excess of $300 on the day they were stolen.

In *Robinson v. State*, 107 Neb. 591, 186 N.W. 977 (1922), the petitioners in error were convicted of stealing merchandise from two Lincoln, Nebraska, department stores: Rudge & Guenzel Company and Miller & Paine. With regard to proof of the value of the items stolen, we said: "As to the proof of value, there is no better way of showing the market value of any article than the *price* at which it and others of its class are being *offered* and sold on the market." (Emphasis supplied.) *Id*. at 592, 186 N.W. at 978.

In *People v. Vanderhall*, 168 A.D.2d 655, 563 N.Y.S.2d 517 (1990), the court held that testimony by store security personnel who referred to the price tag on the item stolen was sufficient proof of value. In *Norris v. State*, 475 S.W.2d 553, 555 (Tenn. Crim. App. 1971), the court held that evidence that merchandise was displayed for regular sale at a "marked price representing its retail price," where uncontradicted, was sufficient to support a conviction grounded upon the marked price as its value. See, also, *Scott v. State*, 519 So. 2d 734 (Fla. App. 1988); *Kowalczk v. State*, 195 Ga. App. 714, 394 S.E.2d 594 (1990); *State v. Stout*, 273 N.W.2d 621 (Minn. 1978).

In this case, the uncontradicted evidence established the prices at which the merchandise was being offered for sale by the owner, Dillard's department store. That evidence was sufficient to permit the trier of fact to find that the retail value of the items stolen was in excess of $300.

The judgment should have been affirmed.