STATE OF NEBRASKA, APPELLEE, V.
EDDIE L. ARELLANO, APPELLANT.
636 N.W.2d 616

Filed November 30, 2001.   No. S-00-1305.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Eddie L. Arellano, was convicted by a jury of third degree arson, a Class IV felony. Under Neb. Rev. Stat.

§ 28-504(1) (Reissue 1995), the intentional burning of the property of another without his or her consent is third degree arson if the burning causes damage to the property. Under § 28-504(2) and (3), third degree arson is a Class IV felony if the damages amount to $100 or more, but is a Class I misdemeanor if the damages are less than $100. On appeal, Arellano contends that there was insufficient evidence to prove that damages were $100 or more, and thus, his sentence was excessive. Because there was no proof that damages were $100 or more, we reverse the verdict, vacate the sentence, and remand the cause for resentencing.

## BACKGROUND

Sometime between 4:30 and 4:45 a.m. on August 1, 2000, Matthew Ault's 1987 Chevrolet Beretta caught fire. Deputy State Fire Marshal Charles Hoffman determined that the fire was started by the use of an ignitable liquid that was poured on the vehicle. A book of matches and three burnt matches were later found at the scene. The book of matches advertised a Conoco cafe and motel. Also, a red gas can was found near the scene.

Two police officers testified that at around 4:40 a.m. on August 1, 2000, they observed Arellano outside a Conoco gas station and convenience store located a few blocks from the scene of the fire. The officers observed that Arellano had a red object or container near him. The clerk who was working at the Conoco store on the morning of August 1 testified that Arellano came into the store and that she gave him two books of matches that advertised the Conoco cafe and motel.

At approximately 7 a.m. the same day, two other officers encountered Arellano and observed that hair on Arellano's fingers was either cut short or burned. The officers also observed that Arellano's socks were wet and smelled of gasoline or petroleum. Arellano was then arrested.

Arellano was charged with third degree arson. The information listed the charge as a Class IV felony and stated that the fire caused damages over $100.

At trial, Ault testified that he had just purchased the vehicle and that he was still making payments on it. He stated that he thought he paid $2,250 for the vehicle. He testified that when he observed the fire, the front and back bumpers of the vehicle

were burning the most, and that a tire blew out on the vehicle. When asked to describe the damages to the vehicle, he stated that "[t]he front bumper, all up under the engine, wiring burnt, front bumper burnt, back bumper burnt . . . all the wiring throughout . . . the car." Ault testified that he did not have insurance and that at the time of trial, the vehicle was inoperable.

Hoffman testified that the fire damage patterns were on the exterior of the vehicle and that there was no damage on the interior of the passenger compartment. There was no direct testimony that the amount of damages to the vehicle was $100 or more.

Arellano made a motion for a directed verdict at the end of the State's evidence. Arellano renewed the motion at the end of all the evidence on the basis that the State had failed to prove the amount of damages to the vehicle. The district court overruled the motions based on Ault's testimony that he had just purchased the vehicle for $2,500; the vehicle sustained damages to its bumpers, tire, and electrical system; and the vehicle was inoperable. The jury found Arellano guilty. The district court sentenced Arellano to 20 to 60 months' imprisonment. Arellano appeals.

## ASSIGNMENTS OF ERROR

Arellano assigns that the district court erred in (1) finding the evidence sufficient to convict him of third degree arson, a Class IV felony, and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

■ In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Ildefonso, ante* p. 672, 634 N.W.2d 252 (2001).

## ANALYSIS

Arellano contends that there was insufficient evidence to convict him of a Class IV felony because the prosecution failed to prove that Ault's vehicle sustained $100 or more in damages. In his brief, Arellano concedes that the evidence was sufficient to

convict him of a Class I misdemeanor—damages less than $100. Thus, Arellano contends that his sentence was excessive because he was sentenced to a maximum penalty greater than allowed for third degree arson as a Class I misdemeanor.

Section 28-504 provides:

> (1) A person commits arson in the third degree if he intentionally sets fire to, burns, causes to be burned, or by the use of any explosive, damages or destroys, or causes to be damaged or destroyed, any property of another without his consent, other than a building or occupied structure.

> (2) Arson in the third degree is a Class IV felony if the damages amount to one hundred dollars or more.

> (3) Arson in the third degree is a Class I misdemeanor if the damages are less than one hundred dollars.

A Class IV felony carries a maximum penalty of 5 years' imprisonment, while a Class I misdemeanor carries a maximum penalty of not more than 1 year's imprisonment. See Neb. Rev. Stat. §§ 28-105 and 28-106 (Cum. Supp. 2000).

Under § 28-504, the amount of damages involved in the crime affects the severity of the punishment. Although the amount of damages is not an element of arson, the State must prove by evidence beyond a reasonable doubt the amount of damages to the property that was damaged by arson in order to prove that the arson was a Class IV felony. See, generally, *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992).

We have held that rules for establishing value in civil actions apply in a criminal case to determine the grade of the crime prosecuted. *State v. Garza, supra.* We determine that the same principle applies to issues involving proof of damages. In civil actions, we have often stated that while damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. *Sack Bros. v. Tri-Valley Co-op*, 260 Neb. 312, 616 N.W.2d 786 (2000); *Sack Bros. v. Great Plains Co-op*, 260 Neb. 292, 616 N.W.2d 796 (2000).

In examining proof of value in a criminal case, when a criminal statute requires proof of a particular amount of value in order to raise the grade of a crime, proof of "*some* value" is insufficient to do so. See *State v. Watkins*, 804 S.W.2d 859, 861

(Mo. App. 1991). The jury cannot be allowed to speculate as to value merely from the appearance of the property. *United States v. Wilson*, 284 F.2d 407 (4th Cir. 1960) (reversal of conviction for theft of property over $100 when 72 rifles were stolen but no evidence presented of their value). See, also, *United States v. Thweatt*, 433 F.2d 1226 (D.C. Cir. 1970).

■ In this case, evidence showed that specific parts of Ault's vehicle were burned, that the vehicle was currently inoperable, and that Ault paid $2,250 for the vehicle. Although the evidence makes it appear likely that the damages to the vehicle were over $100, no evidence was given regarding the dollar amount of damages to the vehicle. The State failed to provide evidence such as the cost to repair the vehicle or the diminution in value of the vehicle due to the fire. A crucial fact that distinguishes a crime punishable by 1 year's imprisonment from a crime punishable by 5 years' imprisonment cannot rest on guesswork or speculation. See *United States v. Wilson, supra.* Absent additional evidence, the amount paid for the vehicle is irrelevant to a determination of damages the vehicle sustained. Without evidence of the monetary amount of damages, any estimate was based on speculation. The State failed to present sufficient evidence to prove beyond a reasonable doubt that the damages to the vehicle were $100 or more. Accordingly, we determine that the evidence was insufficient to convict Arellano of third degree arson as a Class IV felony and that Arellano's sentence was excessive.

## CONCLUSION

We hold that the evidence was insufficient to convict Arellano of third degree arson as a Class IV felony. Arellano admits that he may be sentenced to third degree arson as a Class I misdemeanor. Accordingly, we reverse the verdict, vacate Arellano's sentence, and remand the cause for resentencing.

REVERSED, SENTENCE VACATED, AND
CAUSE REMANDED FOR RESENTENCING.

MCCORMACK, J., participating on briefs.