■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BENNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered January 18, 1984, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentences. The appeal brings up for review the denial, after a hearing (Glass, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The complainant was shot by an individual whom he observed for "a good minute" under adequate lighting conditions. He informed the police that he had seen his assailant many times in the neighborhood. Subsequently, the complainant identified a photograph of the defendant from a photographic array.

The defendant contends that the photographic identification was impermissibly suggestive because the complainant had observed the defendant prior to the assault. It is clear, however, that the focusing on the defendant was not due to suggestive police action, but rather emanated from the complainant's own information (see, People v Logan, 25 NY2d 184, 194, cert denied 396 US 1020, and rearg dismissed 27 NY2d 733; People v Laguer, 58 AD2d 610). This information, along with the complainant's observations at the time of the crime, also provided an independent source for the complainant's in-court identification (see, People v Laguer, supra).

We find that the sentence imposed by the court was within the exercise of its discretion (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.