◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBBIE VARGULIK, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Giaccio, J.), dated October 17, 1985, as granted that branch of the defendant's omnibus motion which was to suppress the results of a blood test.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress the results of the blood test.

The defendant was the driver of an automobile which, in the early morning hours of December 31, 1984, crashed into a tree off the Sunrise Highway. There was no indication that any other vehicle was involved in the accident. Three beer cans, two of which were empty, were recovered from the automobile. The only passenger was killed. The defendant suffered injuries which required her hospitalization. Following an "Alco-Sensor" test, the defendant was arrested on a charge of driving while intoxicated. A subsequent chemical test of her blood to which she consented disclosed a blood alcohol level of .15%. The defendant, who was thereafter indicted, *inter alia,* for vehicular manslaughter, criminally negligent homicide and operating a motor vehicle while under the influence of alcohol, moved, *inter alia,* to suppress the results of this blood test.

At the suppression hearing, the People attempted to introduce evidence concerning the "Alco-Sensor" breath screening test, which indicated that the defendant had consumed alcohol, thereby providing probable cause for her arrest. The defense counsel objected to the reception of this testimony on the ground that the prosecution had failed to supply the defendant with a report of this breath test in response to the defendant's discovery demand, pursuant to CPL 240.20. Although the prosecutor argued that he was unaware of the existence of any written report of the "Alco-Sensor" test, the hearing court prohibited the introduction of any evidence concerning the administration or results of the test.

After the conclusion of the hearing, Criminal Term granted that branch of the defendant's motion which was to suppress the blood test on the ground that, absent the results of the precluded breath test, there were insufficient facts to establish

probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192, and, therefore, she was not required to submit to a blood test pursuant to Vehicle and Traffic Law § 1194 (1), (2). Likewise, the breath test could not serve as a predicate for requiring a blood test pursuant to Vehicle and Traffic Law § 1194 (1), (2).

While the choice of an appropriate sanction for a party's failure to comply with a discovery demand is committed to the sound discretion of the trial court *(see,* CPL 240.70 [1]), when fashioning a remedy for nondisclosure, "the degree of prosecutorial fault surely may be considered, but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" *(People v Kelly,* 62 NY2d 516, 520). In this case, the trial court could have granted an adjournment, as requested by the defense counsel, which would have rectified any harm done by the prosecution's unintentional failure to comply with the discovery demand *(see, People v Keppler,* 92 AD2d 1032, 1033; *People v Kegelman,* 73 AD2d 977). Since the sanction imposed herein by the suppression court amounted in effect to nothing less than the drastic remedy of dismissal, we conclude that the court abused its discretion in prohibiting the introduction of evidence regarding the administration of the "Alco-Sensor" breath test *(see, People v Kelly, supra).*

Accordingly, the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress the results of the blood test. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.