■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McShane, J.), rendered April 17, 1980, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reducing the conviction of robbery in the first degree to one of attempted robbery in the first degree and vacating the sen-

tence imposed thereon; as so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for resentencing on the reduced conviction.

The hearing court's determination that the witness Cruz had an adequate independent basis for an in-court identification of the defendant is supported by the record and should not be disturbed (see, People v Prochilo, 41 NY2d 759). Cruz testified that he observed the "mugging" for several minutes from across the street in the early morning daylight. Furthermore, he had previously seen the perpetrators, including the defendant, in the neighborhood and knew them by their nicknames (see, e.g., People v Bennett, 127 AD2d 671, lv denied 70 NY2d 642).

The trial court determined that the prosecutor had failed to timely disclose a statement in which another prosecution witness, Rivera, had identified the defendant. The sanction for the failure to timely disclose Rosario material (People v Rosario, 9 NY2d 286, cert denied 368 US 866) is committed to the sound discretion of the trial court (People v Vargulik, 130 AD2d 530). A reversal of the conviction is not required where there was only a delay in producing the material unless substantial prejudice to the defendant can be shown (see, People v Ranghelle, 69 NY2d 56). Here the court's sanction, which was to preclude the People from calling Rivera as a witness, effectively eliminated any prejudice to the defendant.

We find that the evidence was legally insufficient to sustain the defendant's conviction of robbery in the first degree since there was no proof that any property was actually taken from the deceased. However, the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes of attempted robbery in the first degree and murder in the second degree (felony murder) (see, People v Vasquez, 87 AD2d 619; People v Gonzalez, 80 AD2d 647).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.