■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MORRISON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), dated May 8, 1990, convicting him of sodomy in the first degree (16 counts), upon a jury verdict, and imposing sentence. Justice O'Brien has been substituted for former Justice Harwood *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The choice of an appropriate sanction for the failure to timely disclose *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) is committed to the sound discretion of the trial court *(see, People v Vasquez,* 143 AD2d 161). Where there has been delay in the disclosure of *Rosario*

material, reversal is required if the defense is substantially prejudiced thereby *(see, People v Ranghelle,* 69 NY2d 56; *People v Martinez,* 71 NY2d 937). In the instant case, the court's sanction, that is, dismissal of those counts of the indictment alleging the commission of crimes in April 1988 and on May 12, 13, and 17, 1988, effectively eliminated any prejudice to the defendant.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of the crimes of sodomy in the first degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, in the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, the prosecutor's summation comments did not deprive him of a fair trial. Essentially, the challenged remarks constituted a fair response to the defendant's closing argument *(see, People v Saylor,* 115 AD2d 671).

The defendant's claim that the court erred in holding that any *Rosario* material contained in the Child Protective Services file was privileged pursuant to CPLR 4508 was not preserved for appellate review (CPL 470.35 [1]; *People v De Jesus,* 69 NY2d 855).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.