■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLFO CANDELARIO, Also Known as JUSTO A. GARCIA, Appellant. (Appeal No. 1.) [622 NYS2d 165] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the second degree and criminal sale of a controlled substance in the second degree. The transcript of the plea proceeding does not support the contention that defendant lacked the ability to understand the terms of the plea bargain or that his waiver of appeal was not knowingly made because he did not understand English. Thus, we conclude that defendant voluntarily, knowingly and intelligently waived his right to appeal from those convictions.

Defendant also appeals from a judgment convicting him, after a jury trial, of two counts of bribery in the first degree and one count each of conspiracy in the fourth degree and forgery in the second degree. There is no merit to his contention that statements made in the absence of counsel and while in custody on the drug charges should have been suppressed. A defendant's right to counsel is not violated where, as here, defendant initiates a bribe offer in counsel's absence and defendant responds to further inquiry and investigation concerning that bribe offer *(see, People v Middletown,* 54 NY2d 474; *cf., People v Bell,* 73 NY2d 153).

Because the People failed to accord defendant discovery of

certain surveillance photographs (see, CPL 240.20 [1] [d]), the trial court refused to admit those photographs into evidence. The court also should have granted defendant's request to strike testimony concerning those photographs. Proof of defendant's guilt was overwhelming, however, and there is no significant probability that, absent that error, defendant would have been acquitted. Thus, that error is harmless (see, *People v Crimmins*, 36 NY2d 230, 242). We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Bribery, 1st Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.