■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD NORWOOD, Also Known as WILLIE BUNCH, Appellant. [719 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered

July 6, 1998, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on April 12, 1996, in an abandoned store located at 1162 Fulton Street in Brooklyn. On the premises the arresting officers found, *inter alia*, over two ounces of crack cocaine and more than $4,000. At trial, the prosecutor was directed to turn over to the defendant all photographs relating to the charges against him. However, the prosecutor neglected to disclose certain surveillance photographs of Fulton Street taken by Federal agents, in the course of their larger investigation of drug trafficking in the neighborhood, weeks or months before the defendant's arrest. Unaware that one of these photographs depicted the defendant standing near 1138 Fulton Street with another man, the defendant's counsel asked a police officer on cross-examination if he had ever seen the defendant before. The officer responded that he had seen the defendant in a photograph.

The defendant's counsel did not move to strike, for a curative instruction, or for a continuance to review the surveillance photographs. Indeed, he asked for no remedy until all of the witnesses had testified, whereupon he moved for a mistrial. Under the circumstances, the trial court providently exercised its discretion in denying the motion. Less severe measures, had they been promptly requested, could have rectified the harm caused by the prosecutor's failure to timely disclose the photographs (*see, People v Kelly,* 62 NY2d 516, 520-521; *People v Hill,* 265 AD2d 426; *People v King,* 221 AD2d 472; *People v Candelario,* 209 AD2d 977; *People v Cunningham,* 189 AD2d 821; *People v Vargulik,* 130 AD2d 530). Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.