## No. 26522

## The People of the State of Colorado v. Blake Harold Codding

(551 P.2d 192)

Decided June 21, 1976.

J. D. MacFarlane, Attorney general, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was found guilty of felony theft[1] in a trial to the court. He was accused of shoplifting two saws and a drill set from a large department store. A store detective testified that she apprehended the defendant with the merchandise after she observed him walk out of the store without paying for them.

Defendant now asserts on appeal that the evidence was insufficient to prove that the value of the stolen goods was over $100, a necessary element of the crime of felony theft, and therefore that his conviction on that charge should be reversed. We agree that the evidence was insufficient to support his conviction for felony theft, but hold that it was sufficient to sustain his conviction on the lesser included offense of petty theft.[2] Accordingly, we reverse and remand for resentencing.

The only evidence offered by the People to prove that the value of the stolen goods was over $100 was the testimony of a store detective who had been on the job for eight months. Over defendant's objection, she was permitted to testify that the total value of the stolen merchandise was around $133, based on the price tags attached to the items when she recovered them from the defendant. She also stated that the price tags on the stolen goods were identical to those on similar saws and drills in the store. We hold the trial court improperly considered such evidence in the instant case because no adequate foundation was laid to properly admit it.

The record does not indicate that the store detective was qualified to testify of her own personal knowledge as to the value of the stolen merchandise. Though she professed that part of her job was to know the price of the more expensive pilferageable goods, she admitted that she was not involved in the pricing of the merchandise, had no access to wholesale or retail price lists, and would not know if the goods were mismarked. As such, she was not qualified to testify concerning the value of goods as would a shop owner or manager. *Compare, Maisel v. People*, 166 Colo. 161, 442 P.2d 399 (1968). Her knowledge was gained exclusively from the price tags on the merchandise.

---

[1] 1971 Perm. Supp., C.R.S. 1963, 40-4-401(2). Now section 18-4-401(2), C.R.S. 1973.
[2] 1971 Perm. Supp., C.R.S. 1963, 40-4-401(3). Now section 18-4-401(3), C.R.S. 1973.

■ The price tags, however, should have been excluded as hearsay in this case because they constituted a written record prepared by someone other than the detective and were offered for the truth of the matter asserted on the tags, namely, the retail cost of the merchandise. The tags were inadmissible under the business record exception because no proper foundation had been laid establishing the method of preparing the tags. See Crim. P. 26.2. Though the store detective testified how the tags were used by the cashiers to charge customers, she stated she was not aware of the process by which the tags were marked, how or when the prices were generally computed, who or what marked the tags, or if the tags were systematically checked for accuracy. No evidence was therefore presented to show that the price tags were prepared in the ordinary course of business as trustworthy records.

Without the evidence of the price tags or the testimony of the store detective, no evidence existed to support defendant's conviction for theft over $100. We therefore reverse and dismiss his conviction on this charge.

■ However, the evidence established that the stolen articles were new merchandise offered for sale and that they had some value. The defendant was therefore guilty of misdemeanor theft. We note that the lesser included offense of petty theft was before the trial court when the defendant's counsel at the end of the trial requested the trial court to consider only the lesser included offense of misdemeanor theft.

We therefore reverse the judgment of the trial court and remand this case for an entry of a judgment of conviction against defendant for misdemeanor theft and proper sentencing thereunder. *Compare People v. Morris*, 190 Colo. 215, 545 P.2d 151 (1976).

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES dissent.

MR. JUSTICE GROVES dissenting:

I respectfully dissent for the reason that I think the felony verdict was sufficiently supported by the evidence.

MR. JUSTICE KELLEY joins in this dissent.