**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Jeffrey L. SCHMIDT, a/k/a Jeffrey L. Eschmidt, a/k/a Jeffrey L. DeWolf, Defendant–Appellant.**

**No. 94CA1683.**

Colorado Court of Appeals, Div. V.

June 27, 1996.

Rehearing Denied July 25, 1996.

Certiorari Denied Dec. 9, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, A. William Bonner, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Jeffrey L. Schmidt, appeals a judgment of conviction entered on a jury verdict finding him guilty of felony theft. We affirm.

A discount store security guard saw defendant taking items of clothing from their hangers and putting them into bags which defendant produced from his pockets. Defendant then left the store without paying for these items, and was apprehended. In filling out his report, the security guard listed all the items taken and their prices totaling $536.35, as stated on the attached tags. Defendant was charged with and convicted of theft over $400 but less than $1,500, a class four felony.

Before trial, defense counsel filed a motion requesting the court to declare § 18–4–414, C.R.S. (1995 Cum.Supp.) unconstitutional. That statute provides:

(1) [W]hen theft occurs from a store, evidence of the retail value of the thing involved shall be prima facie evidence of the value of the thing involved. Evidence offered to prove retail value may include, but shall not be limited to, affixed labels and tags, signs, shelf tags, and notices.

(2) For purposes of this part 4, in all cases where theft occurs, evidence of the value of the thing involved may be established through the sale price of other similar property and may include, but shall not be limited to, testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved. Hearsay evidence shall not be excluded in determining the value of the thing involved.

The trial court denied defendant's constitutional challenge, and the conviction here at issue followed.

## I.

▮ Defendant contends that the statute is unconstitutional because it violates an accused's right to confront and cross-examine witnesses on the essential element of value, and it allows the admission of hearsay evidence on the issue of value without a foundation and without any indicia of reliability. We are not persuaded.

▮ Hearsay evidence generally is inadmissible unless it falls within an exception created by rule or statute. Even if such an exception exists, hearsay evidence may be inadmissible if its admission would violate a defendant's Sixth Amendment right of confrontation. *People v. Mathes*, 703 P.2d 608 (Colo.App.1985).

The constitutional right of confrontation and the hearsay rules are designed to protect similar interests. Both rely on the premise that testimony is more reliable if given under oath at trial where the declarant is subject to cross-examination. However, the overlap of the two doctrines is not complete. There may be a violation of the Confrontation Clause even though the statements in issue are admitted under a recognized hearsay exception. *People v. Dement*, 661 P.2d 675 (Colo.1983).

▮ In *People v. Dement, supra,* our supreme court adopted the two-part analysis used by the United States Supreme Court in Confrontation Clause cases. When the admission of hearsay evidence is challenged on constitutional grounds, the trial court first must determine whether the hearsay declarant is unavailable. Also, the court must determine whether the hearsay evidence bears sufficient indicia of reliability to ensure accuracy in the fact-finding process. Such reliability may be inferred if the evidence falls within a firmly rooted hearsay exception. The supreme court noted that:

[T]he burden on the prosecution to produce the declarant for trial or to prove his or her unavailability applies only in the usual case and is subject to an exception when the utility of trial confrontation [is very] remote.

*People v. Dement, supra,* 661 P.2d at 681 (quoting *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (fn.7)).

Here, as evidence of value, the prosecution introduced into evidence the stolen items with their attached price tags affixed to each item. Defendant did not assert at trial and does not assert now that any price tag was unreliable or inaccurately stated value as to any item. Rather, he contends there was no competent evidence of value introduced because the price tags were inadmissible hearsay.

According to the defendant, the prosecution may not rely on an item's price tag to speak for itself as to that item's value. Defendant further asserts that the prosecution was required to produce a declarant—someone knowledgeable of the items' values—and that the General Assembly's attempt to circumvent this evidentiary step in § 18-4-414 is unconstitutional. We disagree.

Rules of evidence are formulated to reflect the way society actually operates. By enacting § 18-4-414, the General Assembly intended to reflect the fact that the price tag on an item presumptively is the means by which sellers designate an item's retail value. Ordinarily, customers do not bargain over the price of retail goods. Thus, if defendant had asked any employee in the store, including the manager, what the price of a particular item was, he or she would have answered by checking the price tag on the item. Section 18-4-414 simply obviates the need to subpoena store managers and go through the same colloquy in every case of retail theft. *See People v. Dement, supra* (declarant need not be produced where the utility of trial confrontation would be very remote).

However, by making the price tag merely *prima facie,* and not conclusive, evidence of an item's value, the statute also recognizes there are exceptions in which a price tag might not reflect true value. A retail item could be mismarked or the item might be the type in which the price is commonly subject to negotiation, for example, an automobile.

In sum, by enacting § 18–4–414, the General Assembly has determined that a price tag affixed to an item offered for sale *ordinarily* is sufficiently trustworthy so as to speak for itself regarding that item's value and that the utility of confrontation is very remote. And, the statute allows an accused to rebut the presumption of value by calling a store manager or another witness to establish a value other than that specified on the price tag.

We therefore conclude that § 18–4–414 satisfies the requirements of *People v. Dement, supra,* and did not violate the defendant's Sixth Amendment right to confront his accuser.

Nor does *People v. Codding,* 191 Colo. 168, 551 P.2d 192 (1976) require a different result. There, the defendant was charged with felony theft and the sole witness called to testify regarding the value of the stolen items was a store detective who relied on the price tags affixed to the stolen items. The detective was not involved in the pricing of the merchandise, had no access to wholesale or retail price lists, and did not know if the goods were mismarked.

The *Codding* court concluded that: (1) the price tags were hearsay because they constituted a written record prepared by someone other than the detective and were offered for the proof of the retail value of the stolen items; (2) the price tags did not fall within the business records exception to the hearsay rule because no proper foundation was laid by the detective or any other witness to establish the method of preparing the price tags; (3) the detective was not a qualified witness to establish the value of the stolen items; and (4) without testimony from the shop owner or manager to establish that the tags were accurate and prepared in the ordinary course of business, the business records exception could not apply, and the price tags remained inadmissible hearsay.

However, after *Codding* was announced, the General Assembly enacted § 18–4–414. In doing so, it found it reasonable to presume that "affixed labels and tags, signs, shelf tags, and notices" are the best evidence of how much a store will charge a customer at the point of sale. As noted earlier, the statute recognizes that the utility of trial confrontation in such cases is very remote and now removes the necessity for a store owner or manager to testify in every case of retail theft. In other words, the price tags now speak for themselves.

The statute thus creates a specific hearsay exception which satisfies the concerns raised by the supreme court in *Codding.* See *People v. Mathes, supra* (hearsay exceptions may be established by statute).

Our conclusion is supported by case law from other jurisdictions that have similarly analyzed the confrontation issue.

In *State v. White,* 37 Conn.Supp. 796, 437 A.2d 145 (1981), the court held on similar facts that price tags were not hearsay which required a store manager's authentication to fall under the business records exception, and that admission of the price tags did not offend the Confrontation Clause.

> The defendant's claim that she was denied her right to confrontation is also groundless, since the admissibility of the price tags does not prevent her from presenting rebutting evidence on the issue of value.... The defendant had the right to contend that the price tags did not necessarily reflect the market value of the goods, but it would be incumbent upon her to present evidence to support this contention.... The defendant's failure to introduce evidence on this issue defeats her claim that she was denied her right of confrontation.

*State v. White, supra,* 437 A.2d at 148. See also *Boone v. Stacy,* 597 F.Supp. 114 (E.D.Va.1984) (following Virginia law that price tags by themselves are competent and admissible evidence of value); *DeBruce v. State,* 461 So.2d 889 (Ala.Cr.App.1984) (following *White* ); *Lacy v. State,* 432 So.2d 1205 (Miss.1983) (same); *Norris v. State,* 475 S.W.2d 553 (Tenn.Crim.App.1971) (price tags not hearsay); *State v. Rainwater,* 75 Wash. App. 256, 876 P.2d 979 (1994) (introduction of price tags to establish retail item's value without further foundation was not hearsay and did not violate right of confrontation). *But See State v. Garza,* 241 Neb. 256, 487 N.W.2d 551 (1992) (price tag merely express

amount which seller hopes to obtain, and does not necessarily indicate amount obtainable in marketplace).

Therefore, the trial court did not err in rejecting defendant's constitutional challenge to § 18–4–414.

## II.

Defendant next challenges the sufficiency of the evidence on the same basis, contending there was no competent evidence of the value of the stolen items. Again, we disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

Because a particular theft qualifies as a felony or misdemeanor depending upon the value of the item or items taken, § 18–4–401(2), C.R.S. (1986 Repl.Vol. 8B), the prosecution must prove the value of the stolen items beyond a reasonable doubt. *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974). The measure of value to be attached to stolen items is their fair market value at the time of the taking. *People v. McCoy,* 764 P.2d 1171 (Colo.1988); *see also Maisel v. People,* 166 Colo. 161, 442 P.2d 399, 401 (1968) (market value of an item is the price at which it would have probably been sold in the regular course of business at the time and place it was stolen).

Here, the stolen items and their attached price tags were introduced into evidence. The price tags established that the retail value of the items was $536.35, which satisfies the $400 threshold for a class four felony. This evidence of value was unrebutted and was sufficient to establish defendant's guilt of felony theft.

The judgment is affirmed.

TAUBMAN and CASEBOLT, JJ., concur.