The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Jennie **PEARMAN**, Defendant–Appellant.

No. 07CA0544.

Colorado Court of Appeals, Div. VI.

Dec. 11, 2008.

John W. Suthers, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Joffe Law Firm, Danyel S. Joffe, Cynthia A. Harvey, Heather Kelley, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Jennie Pearman, appeals the judgment of conviction entered on a jury verdict finding her guilty of attempted theft from a retail store. We affirm.

Defendant contends that the trial court erred by allowing the store's loss prevention officer to testify to the value of the items defendant attempted to steal. The loss prevention officer testified that he determined the value of the items by looking at their price tags and adding up the prices listed on those tags. Defendant objected to the officer's testimony on the basis of hearsay, arguing that section 18–4–414, C.R.S.2008, and *People v. Schmidt*, 928 P.2d 805 (Colo.App. 1996), do not allow a person to testify to the value of the merchandise based upon his or her knowledge of price tags affixed to that merchandise.

On appeal, defendant argues that "[b]oth *Schmidt* and § 18–4–414 require the price tags or copies of the price tags to be entered into evidence to establish the value of an item." Defendant contends that the value of items taken from a store may only be established in two ways. A person who is familiar with how the items are priced may testify to their value, or price tags or copies of the price tags may be admitted.

Defendant argues that the loss prevention officer did not know how the items stolen in this case were priced, and, therefore, he was not qualified to testify about their value. Further, defendant submits that neither subsection (1) nor (2) of section 18–4–414 authorized the admission of the loss prevention officer's testimony that he determined the value of the stolen items by looking at the price tags and recording the prices on them. We need not address defendant's argument that the loss prevention officer possessed inadequate knowledge of how the items were priced because we disagree with defendant's contention that the loss prevention officer's testimony was inadmissible under section 18–4–414.

■ We review a trial court's rulings on evidentiary issues for an abuse of discretion. *People v. Stewart*, 55 P.3d 107, 122 (Colo. 2002). "A trial court abuses its discretion only when its ruling is manifestly arbitrary, unreasonable, or unfair." *Id.* (citing *People v. Ibarra*, 849 P.2d 33, 38 (Colo.1993)). "A trial court necessarily abuses its discretion when it bases its ruling on an erroneous view of the law." *People v. Garcia*, 169 P.3d 223, 226 (Colo.App.2007) (citing *People v. Wadle*, 97 P.3d 932, 936 (Colo.2004), and *People v. Pagan*, 165 P.3d 724, 729 (Colo.App.2006)).

■ When construing statutes, we first look to the statutory language itself. "When that language is clear and unambiguous, there is no need to resort to interpretative rules of statutory construction, and the court must apply the words according to their commonly accepted and understood meaning[s]." *People v. Robertson*, 56 P.3d 121, 123 (Colo. App.2002).

Section 18–4–414(1) states:

[W]hen theft occurs from a store, evidence of the retail value of the thing involved shall be prima facie evidence of the value of the thing involved. Evidence offered to prove retail value may include, but shall not be limited to, affixed labels and tags, signs, shelf tags, and notices.

Section 18–4–414(2) states:

[I]n all cases where theft occurs, evidence of the value of the thing involved may be established through the sale price of other

similar property and may include, but shall not be limited to, testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved. Hearsay evidence shall not be excluded in determining the value of the thing involved.

Defendant contends that subsections (1) and (2) address different situations. She argues that subsection (1) pertains to evidence, such as price tags, affixed to items stolen from a store. It is defendant's position that subsection (1) requires that the actual tags, or copies of the tags, be admitted to prove the value of the items to which they were affixed.

Defendant then submits that subsection (2) only applies when the proof of value relies on "the sale price of other similar property." Under her analysis, the statement in the second sentence of subsection (2) that "[h]earsay evidence shall not be excluded in determining the value of the thing involved" refers solely to proof of value based on the sale price of similar property. Therefore, she argues, the loss prevention officer's hearsay testimony about the prices he recorded from the tags was not admissible because it referred to the items defendant stole, not to the price of similar property.

We conclude that defendant's analysis misreads section 18–4–414 for four reasons. First, subsection (1) does not state that "fixed labels and tags, signs, shelf tags, and notices" are the exclusive means of proving the value of items stolen from a store. Rather, evidence of retail value "may include, but shall not be limited to" those types of proof. *See People v. Triantos*, 55 P.3d 131, 134 (Colo.2002) ("The legislature's use of the term 'may' is indicative of a grant of discretion or choice among alternatives."); *Lyman v. Town of Bow Mar*, 188 Colo. 216, 222, 533 P.2d 1129, 1133 (1975) ("the word 'include' is ordinarily used as a word of extension or enlargement").

Second, subsection (2) is designed to be broader than subsection (1). Subsection (1) applies only to cases where the "theft occurs from a store." Subsection (2) applies to "all cases where theft occurs."

Third, the first sentence of subsection (2) refers to "evidence of the value of the thing involved." The second sentence states that hearsay evidence "shall not be excluded" in proving the "value of the thing involved." Thus, even assuming, without deciding, that the first sentence of subsection (2) only refers to proving the "value of the thing involved" by reference to the sale price of similar property, the second sentence is not correspondingly limited, because it does not make the same reference to similar property.

Fourth, in *Schmidt*, a division of this court upheld section 18–4–414 as constitutional. *Schmidt*, 928 P.2d at 807–08. It thus rejected the defendant's arguments that section 18–4–414 violated his right to confront and cross-examine witnesses. *Id.* While the panel in *Schmidt* allowed the introduction of price tags as evidence of value, it did not, as defendant claims, require that price tags be introduced in every case. *Id.* at 807 ("Section 18–4–414 simply obviates the need to subpoena store managers and go through the same colloquy in every case of retail theft.").

█ Accordingly, we conclude that the trial court did not err by allowing the loss prevention officer's hearsay testimony as evidence of value. Because the officer's testimony was properly admitted pursuant to section 18–4–414, its reliability and credibility were issues to be explored and possibly rebutted by defense counsel, and ultimately for the jury to decide.

To the extent defendant argues the evidence of value was insufficient to support her conviction, we also reject that argument. The officer's unrebutted testimony established that the value of the merchandise was above the threshold amount for a class four felony pursuant to the theft statute. *See Schmidt*, 928 P.2d at 809. The judgment is affirmed.

Judge DAILEY and Judge J. JONES concur.