2016 COA 58

The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James Augustine **ORTIZ**, Defendant–Appellant.

Court of Appeals No. 13CA1922

Colorado Court of Appeals,
Div. III.

Announced April 21, 2016

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2015.

Cynthia H. Coffman, Attorney General, Jillian J. Price, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Sarah A. Kellogg, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE J. JONES

¶ 1 Defendant, James Augustine Ortiz, appeals that portion of the district court's sentencing order requiring him to pay $1,415.85 in restitution, representing the cost to repair a state patrol car damaged in the course of a state trooper's attempt to apprehend him. Relying principally on *Dubois v. People*, 211 P.3d 41 (Colo.2009), defendant contends that because he did not plead guilty to an offense that specifically identifies the state patrol as a victim, the state patrol is not a victim in this case within the meaning of the restitution statutes. We conclude, however, that defendant reads *Dubois* too broadly. That case does not preclude an award of restitution to a government agency which is the victim of the conduct underlying the charges against a defendant, even if the defendant ultimately pleads guilty only to an offense as to which the government agency is not expressly or by necessary implication a potential victim. Because the state patrol was a victim of the conduct—vehicular eluding—included among the charges against defendant, it is a victim for purposes of the restitution statutes, even though defendant pleaded guilty to other charges.

¶ 2 We also reject defendant's other contention of error, and therefore affirm the restitution order.

## I. Background

¶ 3 A deputy sheriff stopped defendant's vehicle (a silver hatchback) while investigating a report of shots fired by a person driving a white hatchback. A state patrol officer, Trooper King, arrived at the scene. The deputy told defendant to get out of the car,

but, rather than complying, defendant sped away. Trooper King gave chase.

¶ 4 Defendant drove erratically, with Trooper King in pursuit. Trooper King tried to stop defendant by bumping the left front of his patrol car against the right rear of defendant's car. Trooper King bumped defendant's car several times; finally, defendant stopped.

¶ 5 The People charged defendant with vehicular eluding, three counts of aggravated driving after revocation prohibited, violation of a protection order, driving under the influence of alcohol, reckless driving, illegal possession or consumption of alcohol in a motor vehicle, and unlawful changing of lanes. Defendant and the People reached a plea agreement. Defendant agreed to plead guilty to one count of aggravated driving after revocation prohibited (reckless driving) and one count of violation of a protection order. In return, the People agreed to drop the other charges.

¶ 6 At the providency hearing, defendant's counsel acknowledged that defendant had attempted to elude the law enforcement officers and that Trooper King had stopped him by "[running] him off the road." The district court accepted the plea and sentenced defendant to six months probation on the aggravated driving offense and six months in jail on the violation of a protection order offense.

¶ 7 The People moved for restitution, supported by a "Request for Restitution" form completed by Sergeant Billinger of the Colorado State Patrol, seeking $1,458.18 for damage to Trooper King's patrol car. Sergeant Billinger testified at the hearing on the motion as follows:

- When she arrived at the scene after Trooper King had stopped defendant, she saw the damage to Trooper King's patrol car.
- Trooper King described the chase to her; she related what Trooper King had told her.
- Part of her job is to oversee all maintenance and repair requests for local state patrol vehicles, including "get[ting] estimates from local shops."

Payment is handled by a Denver office of the state patrol.

- Trooper King got two written estimates for the cost of repairs; the lower one was $1,458.18.
- The repairs were made by the repair shop that had given this estimate, and the repair shop billed the state patrol $1,415.85. The Denver office of the state patrol gave her the invoice.
- The invoice "should have been paid" by the Denver office of the state patrol.

¶ 8 The written estimate and the invoice from the repair shop were introduced into evidence.[1]

¶ 9 Based on this evidence, the district court ordered defendant to pay restitution of $1,415.85.

## II. Discussion

¶ 10 Defendant raises two contentions: (1) the state patrol was not a "victim" under the restitution statutes and (2) the evidence presented at the restitution hearing was insufficient to support the restitution award because it was all hearsay. We address and reject these contentions in turn.

### A. The State Patrol Was a "Victim"

¶ 11 "Every order of conviction ... shall include consideration of restitution." § 18–1.3–603(1), C.R.S.2015. " 'Restitution' means any pecuniary loss suffered by a victim and includes ... losses or injuries proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18–1.3–602(3)(a), C.R.S.2015. A "victim" for purposes of restitution is "any person aggrieved by the conduct of an offender. ..." § 18–1.3–602(4)(a). This definition includes, as relevant in this case, "[a]ny person against whom any ... offense has been perpetrated or attempted." § 18–1.3–602(4)(a)(I).

¶ 12 Defendant contends that in *Dubois,* the supreme court held that a governmental agency is not a victim for restitution purposes unless the defendant was found guilty

---

1. Defense counsel moved to admit the estimate.

or pleaded guilty to a charge which defines the agency as a victim. Because he pleaded guilty to offenses which do not define the state patrol as a victim, defendant argues that the state patrol was not a victim entitled to restitution.

### 1. Preservation and Standard of Review

¶ 13 We review defendant's contention for plain error because he failed to argue in the district court that the state patrol was not a victim for restitution purposes. *See People v. Baca*, 2015 COA 153, ¶ 55, 378 P.3d 780; *see also Lehnert v. People*, 244 P.3d 1180, 1183–84 (Colo.2010). Plain error, in this context, is an error that is obvious, and that so undermined the fundamental fairness of the sentencing proceeding as to cast serious doubt on the correctness of the sentence. *See People v. Smalley*, 2015 COA 140, ¶ 82, 369 P.3d 737; *People v. Banark*, 155 P.3d 609, 611 (Colo.App.2007).

¶ 14 In determining whether the district court erred, we review for an abuse of discretion. *People v. Welliver*, 2012 COA 44, ¶ 11, 317 P.3d 1192; *People v. Reyes*, 166 P.3d 301, 302 (Colo.App.2007) ("A trial court has broad discretion in determining the terms and conditions of a restitution order, and its ruling will not be disturbed absent an abuse of discretion."). As relevant in this case, a court abuses its discretion if its decision is based on a misunderstanding or misapplication of the law. *Welliver*, ¶ 11; *Reyes*, 166 P.3d at 302.

¶ 15 Defendant's contention presents two related legal issues: the interpretation of the restitution statutes and the application of supreme court precedent applying these statutes. We decide such legal issues de novo. *See Gallegos v. Colo. Ground Water Comm'n*, 147 P.3d 20, 28 (Colo.2006); *Welliver*, ¶ 9.

### 2. Analysis

¶ 16 Because the restitution statutes define a victim in relation to the defendant's "conduct," not the charge of which the defendant was convicted, Colorado appellate courts have concluded that "a criminal conviction establishing the defendant's culpability is not required in order to impose restitu-

tion." *People v. Borquez*, 814 P.2d 382, 384 (Colo.1991); *accord People v. Pagan*, 165 P.3d 724, 731 (Colo.App.2006). So, a court may order a defendant to pay restitution for losses sustained as a result of the defendant's uncharged criminal conduct or even as a result of criminal conduct of which the defendant was acquitted. *E.g., Borquez*, 814 P.2d at 384–85; *Pagan*, 165 P.3d at 731.

¶ 17 In this case, the conduct underlying several of the charges against defendant, including one of the offenses to which he pleaded guilty (aggravated driving after revocation prohibited (reckless driving)), was vehicular eluding. The state patrol was a victim of vehicular eluding because the offense necessarily defines peace officers as victims. *Dubois*, 211 P.3d at 46 (affirming restitution to a peace officer and his employer, a county, for vehicular eluding); *see* § 18–9–116.5(1), C.R.S.2015 ("Any person who, while operating a motor vehicle, knowingly eludes or attempts to elude a peace officer also operating a motor vehicle, and who knows or reasonably should know that he or she is being pursued by said peace officer, and who operates his or her vehicle in a reckless manner, commits vehicular eluding.").

¶ 18 That would seem to be the end of the matter. But defendant argues that *Dubois* adopted a rule that a government agency cannot be a victim for restitution purposes unless the defendant is found guilty of, or pleads guilty to, an offense identifying that agency as a victim. In other words, defendant argues that *Dubois* creates a "government agency" exception to the rule that "a criminal conviction establishing the defendant's culpability is not required in order to impose restitution." *Borquez*, 814 P.2d at 384. Defendant is incorrect.

¶ 19 In *Dubois*, the defendant pleaded guilty to "vehicular eluding for attempting to elude Alamosa County Deputy Mark Thompson." 211 P.3d at 42. The district court ordered the defendant to pay restitution to a different officer, Deputy Benavidez, and to Alamosa County for losses sustained as a result of an automobile accident that occurred when Deputy Benavidez was responding to Deputy Thompson's call for assistance. (The losses included the value of Deputy

Benavidez's wrecked patrol car.) Though concluding that "peace officers are generally entitled to restitution only when the underlying crime defines a peace officer as the victim," *id.* at 46, the court held that the restitution order was proper because the vehicular eluding statute defines a peace officer as a victim, *id.* In holding that Detective Benavidez and Alamosa County were victims—notwithstanding the fact the defendant had pleaded guilty to vehicular eluding only as to Detective Thompson—the court reasoned that both Detective Benavidez and Alamosa County were "aggrieved by" the defendant's "conduct" and "the restitution statute no longer limits restitution only to persons injured by the conduct alleged as the basis for the conviction." *Id.* at 45 (citation omitted).

¶ 20 Thus, though the defendant in *Dubois* had pleaded guilty to vehicular eluding, we do not read *Dubois* as requiring a conviction for that charge to allow for an award of restitution to a law enforcement agency. Nothing in *Dubois* purports to say that such a conviction is required (indeed, as noted, it says to the contrary), and the supreme court affirmed awards of restitution to a person and to an agency that were not victims of the precise charge to which the defendant had pleaded guilty. Rather, they were victims of the defendant's underlying "conduct."

¶ 21 In *People v. Padilla–Lopez*, 2012 CO 49, 279 P.3d 651, on which defendant also relies, the supreme court characterized its analysis in *Dubois* as focusing "on the wrongful *conduct* defined as an element in the *underlying* criminal offense and whether the person or agency claiming restitution is 'aggrieved' by the *conduct* of the defendant." *Id.* at ¶ 11 (emphasis added). In that case, the People charged the defendant with child abuse arising out of her possession of illegal drugs within reach of her two young children. She pleaded guilty to two counts of drug possession, misdemeanor theft, and misdemeanor child abuse. *Id.* at ¶ 3. The court characterized the "underlying crime" as child abuse, and held that because a government agency is not defined by that offense as a victim, it was not entitled to restitution. *Id.* at ¶ 17.

¶ 22 We read *Padilla–Lopez*, like *Dubois*, as focusing on the conduct underlying the charges. We see no indication in *Padilla–Lopez* that the court intended to require a conviction for an offense defining a government agency as a victim before the government agency can obtain restitution. Rather, it is enough that the government agency was aggrieved by the defendant's underlying conduct, so long as that underlying conduct would satisfy the elements of an offense that defines the agency as a victim.

¶ 23 In sum, defendant's underlying conduct was vehicular eluding. The state patrol is defined as a victim of that statutorily proscribed conduct and was aggrieved by defendant's conduct. Accordingly, the district court did not err in allowing the state patrol to seek restitution. Because the district court did not err, we need not address the other elements of plain error analysis.

## B. Sufficiency of the Evidence

¶ 24 Defendant also contends that the evidence was insufficient to support the restitution award because it was entirely hearsay. We conclude that defendant is incorrect both as a matter of fact and as a matter of law.

### 1. Preservation and Standard of Review

¶ 25 Defendant preserved this contention by objecting to the use of hearsay at the restitution hearing.

¶ 26 The parties frame the standard of review as whether the district court abused its discretion. True, setting the terms and conditions of restitution involves discretionary calls. *See Welliver,* ¶ 11; *Reyes,* 166 P.3d at 302. But defendant challenges the sufficiency of the evidence. We review sufficiency challenges de novo, determining whether the evidence is sufficient in both quality and quantity to satisfy the applicable burden of proof. *See Clark v. People,* 232 P.3d 1287, 1291 (Colo.2010); *People v. Serra,* 2015 COA 130, ¶ 18, 361 P.3d 1122.

### 2. Analysis

¶ 27 The prosecution must prove an amount of restitution by a preponderance of the evidence. *People v. Henson,* 2013 COA

36, ¶ 11, 307 P.3d 1135; *People v. Hill,* 296 P.3d 121, 126 (Colo.App.2011). "A fact is established by a preponderance of the evidence when, upon consideration of all the evidence, the existence of that fact is more probable than its nonexistence." *People v. Garner,* 806 P.2d 366, 370 (Colo.1991).

¶ 28 In attempting to meet its burden in this context, the prosecution is not limited by the rules of evidence. *See* CRE 1101(d)(3) (the rules of evidence do not apply to sentencing). And an award of restitution may be based solely on a victim's impact statement, which is hearsay. § 18–1.3–603(2) ("The court shall base its order for restitution upon information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to determine the amount of restitution. . . ."); *Hill,* 296 P.3d at 126.

¶ 29 At the providency hearing, defendant's counsel acknowledged that defendant had attempted to elude the state trooper but had been run off the road. Neither the fact of the chase nor the fact of the collisions was disputed. Sergeant Billinger testified to her inspection of the damage to the patrol car. That testimony was not hearsay. The remaining evidence—including the estimate and invoice—was hearsay, but was not of such a nature that the district court was required to disregard it.[2] Considered as a whole, the evidence presented by the People was sufficient to show that it was more probable than not that the damage cost $1,415.85 to repair and that defendant's conduct proximately caused the damage.

¶ 30 Though defendant argues that basing the restitution award on hearsay violated his right to due process, we are not persuaded that the evidence presented was such that defendant could not meaningfully test it. Defendant does not argue that any of the evidence came as a surprise, and we note that his counsel thoroughly cross-examined Sergeant Billinger as to what she knew and did not know based on her own observa-

tions. Further, the court did not deny defendant the opportunity to rebut the prosecution's evidence; defendant simply chose not to try to do so. Therefore, we see no due process violation.

### III. Conclusion

¶ 31 The order is affirmed.

JUDGE WEBB and JUDGE BOORAS concur.

---

2. Because defendant moved to admit the estimate, the doctrine of invited error bars any challenge to it on appeal. *People v. Gibson,* 203 P.3d

571, 574–75 (Colo.App.2008). Alternatively, he waived any claim of error.