Opinion by JUDGE RICHMAN
¶ 1 Defendant, Mark Anthony Jaeb, appeals his conviction of one count of theft of property under section 18-4-401(1)(b) and 2(g), C.R.S. 2018, in an amount between $5000 and $20,000 as a class 5 felony. He separately appeals the portion of the order directing restitution for damage to the stolen property in the amount of $289.05. Because we conclude that the trial court improperly admitted evidence of the value of the stolen property, we reverse his conviction for the class 5 felony and remand for entry of conviction on a lesser scheduled offense. But because the prosecution presented adequate proof that defendant's conduct was the proximate cause of the damage to the property, we affirm the order of restitution.
I. Background
¶ 2 The evidence admitted at trial showed that defendant contracted to rent a U-Haul trailer for a period of twenty-four hours in December 2013, but did not return the trailer by the appointed time. About one month later, police discovered the U-Haul trailer, along with several other trailers, on a property that did not belong to defendant but that contained many of his belongings. The People then charged defendant with several theft crimes, though only the rental of the U-Haul trailer is relevant to this appeal.
¶ 3 At trial, the prosecution called U-Haul's traffic control manager for Northern *788 Colorado as its primary witness. She testified that she handled distribution contracts with U-Haul's equipment reservation team and described U-Haul's internal procedures in renting equipment. Through her testimony, the prosecution offered, with no objection, the twenty-four-hour contract between U-Haul and defendant, along with a description of the trailer he had rented. She testified the trailer was rented on or about December 29, 2013, and was not timely returned.
¶ 4 The prosecution also presented the witness with proposed Exhibit 9 as proof of the value of the stolen trailer. The document was a notarized affidavit apparently signed by a manager of the equipment recovery/records department at U-Haul International, who was not called to testify, attesting that the replacement cost of the trailer at issue was $6427 and its actual cash value was $6748. The document was signed July 1, 2015, approximately two months before defendant's trial. A notation on the document below the signature lines indicated that the document was "requested by" the prosecution's witness.
¶ 5 The witness described the document as "our total loss notice" and stated that that the document was kept in the ordinary course of business at U-Haul and that it was a kind of document she saw regularly and had access to. However, she noted it was more often kept "in our equipment recovery department."
¶ 6 Defense counsel objected to admission of the document on the grounds of hearsay, lack of personal knowledge, and authentication. After argument, the court found that the document had "been testified to," which "would make it admissible under 803(6)." The court also concluded that the document could be authenticated under CRE 901 with testimony from a witness. The exhibit was admitted, and defendant was ultimately convicted of one count of theft - $5000 to $20,000.
¶ 7 On appeal, defendant argues that the exhibit was inadmissible hearsay and was admitted in violation of his rights under the Confrontation Clauses. He also claims that because the exhibit was the only evidence for the value of the trailer, his conviction for theft - $5000 to $20,000 must be reversed for insufficient evidence.
II. Whether Admission of the Affidavit Was Proper
A. Preservation and Standard of Review
¶ 8 At trial, defense counsel objected to the admission of Exhibit 9 on grounds of hearsay, improper authentication, and the witness's lack of personal knowledge. However, no objection was made concerning defendant's rights under the Confrontation Clauses of either the Federal or Colorado Constitutions.
¶ 9 We review the preserved hearsay claim for an abuse of discretion under the harmless error standard, see People v. Smalley , 2015 COA 140, ¶ 79, 369 P.3d 737, but review the confrontation claim only for plain error, see People v. Vigil , 127 P.3d 916, 929 (Colo. 2006). "Plain error occurs only when an error so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the jury's verdict." Domingo-Gomez v. People , 125 P.3d 1043, 1053 (Colo. 2005).
B. Applicable Law
¶ 10 Hearsay is defined as any statement "other than one made by the declarant while testifying at the trial ... offered in evidence to prove the truth of the matter asserted." CRE 801(c). Such a statement is ordinarily inadmissible unless it falls under one of the enumerated exceptions to the hearsay rule. CRE 802.
¶ 11 One such exception is the business records exception. It provides that a hearsay document is admissible if (1) it was made at or near the time of the matters recorded in it; (2) it was prepared by, or from information transmitted by, a person with knowledge of the matters recorded; (3) the person who recorded the document did so as part of a regularly conducted business activity; (4) it was the regular practice of that business activity to make such documents; and (5) the document was retained and kept in the course of a regularly conducted business activity. CRE 803(6) ; see also People v. Flores-Lozano , 2016 COA 149 ¶ 13, 410 P.3d 684.
*789 ¶ 12 The People argue that another exception to the hearsay rule is found in section 18-4-414(2), C.R.S. 2018, which provides as follows:
For purposes of this part 4, in all cases where theft occurs, evidence of the value of the thing involved may be established through the sale price of other similar property and may include, but shall not be limited to, testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved. Hearsay evidence shall not be excluded in determining the value of the thing involved.
¶ 13 The Federal and Colorado Constitutions grant defendants the right to confront witnesses against them. U.S. Const. amend. VI ; Colo. Const. art. II, § 16. This right is violated where the prosecution introduces testimonial hearsay evidence, unless the declarant is unavailable and the defendant had the prior opportunity to cross-examine the declarant. Crawford v. Washington , 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). A statement is testimonial if it was made or created with the "primary purpose of creating an out-of-court substitute for trial testimony." People v. McFee , 2016 COA 97, ¶ 34, 412 P.3d 848 (quoting Ohio v. Clark , 576 U.S. ----, ----, 135 S.Ct. 2173, 2180, 192 L.Ed.2d 306 (2015) ).
C. Analysis
¶ 14 We first consider whether the affidavit was inadmissible hearsay that does not come within the business records exception. Second, we consider whether the affidavit, if inadmissible under the business records exception, is nonetheless admissible under the statute relied upon by the People, section 18-4-414. Because of our resolution of these two issues, we need not consider whether the affidavit, if admissible, was admitted in violation of defendant's confrontation rights.
1. Business Records Exception
¶ 15 We conclude that this affidavit was not admissible as a business record under the hearsay exception. As an initial matter, we note that the affidavit is hearsay because it was not "made by the declarant while testifying at the trial" and yet was "offered in evidence to prove the truth of the matter asserted," namely the value of the U-Haul trailer. CRE 801(c).
¶ 16 The purpose of the business records exception is to allow the admission of documents that, although hearsay, were created under such circumstances as to indicate reliability. Thus, to be a business record, the document must be made "at or near the time" of the matters recorded in it. CRE 803(6). "[T]he trustworthiness of the business record is based upon its nature as a routine entry in the ordinary operations of the enterprise ...." People v. Stribel , 199 Colo. 377, 379, 609 P.2d 113, 115 (1980) ; see also Henderson v. Master Klean Janitorial, Inc. , 70 P.3d 612, 617 (Colo. App. 2003). The fact that a document was recorded as a matter of routine at or about the time the time an event occurred, and prior to litigation, makes it less vulnerable to a lack of reliability.
¶ 17 However, here, although the witness testified that the affidavit appraised the value of the trailer as of the time of the theft, the affidavit itself was created a year and half after the theft of the trailer, and two months before trial. Moreover, on its face the document reflects it was requested by the witness. Therefore, the affidavit was not created "at or near the time" of the events recorded in it, CRE 803(6), and lacks the inherent reliability we ascribe to true contemporaneous business records.
¶ 18 Finally, the testimony of the witness did not lay an adequate foundation for a business record as she did not testify, and the trial court did not find, that the document was prepared by, or from information transmitted by, a person with knowledge of the matters recorded; or that the person who recorded the document did so as part of a regularly conducted business activity; or that it was the regular practice of that business activity to make such documents.
2. Applicability of Section 18-4-414(2)
¶ 19 On appeal, the People, with commendable candor, do not argue that the document was admissible as a business record. Instead, they rely on the argument that the *790 affidavit fell under the hearsay exception in section 18-4-414(2). Although the trial court did not contemplate that basis for admitting the affidavit, the People argue we should affirm on that alternative ground instead. We are not persuaded.
¶ 20 Section 18-4-414, titled "Evidence of Value," contains two sections. The first section, applying to theft "from a store," provides that evidence of the retail value of the thing stolen shall be prima facie evidence of its value, and the evidence of the retail value may include affixed labels, price tags, signs, shelf tags, and notices. § 18-4-414(1).
¶ 21 The second section provides that in all cases where theft occurs, evidence of the value of the thing stolen may be established through the "sale price of other similar property" and may include testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved. The final sentence of the second section specifies that "[h]earsay evidence shall not be excluded in determining the value of the thing involved." § 18-4-414(2).
¶ 22 In People v. Schmidt , 928 P.2d 805 (Colo. App. 1996), a division of this court explained the rationale of the statute as follows. First, price tags on an item presumptively designate the item's retail value, and customers do not ordinarily bargain over the price of retail goods. Id. at 807. " Section 18-4-414 simply obviates the need to subpoena store managers and go through the same colloquy in every case of retail theft. ... [B]y enacting [ section] 18-4-414, the General Assembly has determined that a price tag affixed to an item offered for sale ordinarily is sufficiently trustworthy so as to speak for itself regarding that item's value and that the utility of confrontation is very remote." Id. at 807-08.
¶ 23 Applying this rationale, we conclude that the statutory examples are intended to include the type of public information given in the retail marketplace, e.g., price tags, signs, and notices indicating the price of the thing involved. Because consumers and sellers rely on these notices, they are not likely to misstate the value of the thing in question.
¶ 24 But the affidavit in this case does not fall into the same category as the price indicators listed in section 18-4-414. Unlike those tags, signs, and notices, the affidavit is a document entirely internal to the victimized business, was generated at the specific request of the prosecution's witness over a year after the date of the trailer's disputed valuation and was generated within the shadow of trial. It therefore lacks the market mechanisms alluded to in section 18-4-414 that ordinarily prevent the misstatement of the value of the thing in question. Unlike with the examples of pre-existing price tags, signs, or notices, there would be no mechanism dissuading the affidavit's declarant from inflating the value of the trailer.
¶ 25 The People argue nonetheless that even if the affidavit is hearsay, it was properly admitted under the second sentence of section 18-4-414(2) because "[h]earsay evidence shall not be excluded in determining the value of the thing involved." They apparently urge us to read this sentence as isolated from the rest of the statute and as establishing a blanket waiver of hearsay rules in the context of proving an item's value in any case involving theft. We decline to do so.
¶ 26 In support of reading section 18-4-414(2) very broadly, the People cite to People v. Pearman , 209 P.3d 1144 (Colo. App. 2008). There, the defendant argued that it was improper to allow a store's loss prevention officer to testify to the value of the items he had attempted to steal, where the officer determined the value by totaling the value of the price tags of the actually stolen property. Id. at 1145. The defendant argued on appeal that, in order to establish value, section 18-4-414(1) required admission of the actual price tags and section 18-4-414(2) 's phrase that "[h]earsay evidence shall not be excluded in determining the value of the thing involved" refers only to proof based on the sale price of similar property, and not of the property itself. Id.
¶ 27 A division of this court disagreed, first holding that section 18-4-414(1) does not provide the exclusive means of proving value of items stolen and therefore does not require the introduction of price tags into evidence. Id. at 1146.
*791 ¶ 28 The division also rejected the defendant's argument that section 18-4-414(2) only applies to situations where the evidence of value is based on prices of similar property, stating that, "even assuming, without deciding, that the first sentence of subsection (2) only refers to proving the 'value of the thing involved' by reference to the sale price of similar property, the second sentence is not correspondingly limited, because it does not make the same reference to similar property." Id. (quoting § 18-4-414(2) ).
¶ 29 The present case does not involve the theft of items from a store, nor does it involve proof of value by comparison to "similar property." Nonetheless, the People point out that Pearman states that subsection 2 applies to "all cases where theft occurs." Id. From this, they advance the argument that hearsay of any kind is allowed in any case of theft to prove the value of the item stolen. We disagree.
¶ 30 First, to the extent the division in Pearman stated that the hearsay exception applies to "all cases where theft occurs," id. , we read this assertion as dicta because it was not necessary to the result in that case. The facts in Pearman involved theft from a store. We instead read the statute's language that "[h]earsay evidence shall not be excluded in determining the value of the thing involved" within the context of that subsection and interpret it to provide that hearsay evidence may provide proof of value only where it "regard[s] affixed labels and tags, signs, shelf tags, and notices," or other reliable evidence of "the sale price of other similar property." § 18-4-414(2).
¶ 31 Second, we do not derive a broad exception to the hearsay rule from a statute primarily concerned with theft of items from a store. We recognize, as did the division in Pearman , 209 P.3d at 1146, that the words "from a store" are included in subsection 1 of the statute, and not in subsection 2. But given that the entire statute is otherwise directed at theft of objects with price tags, affixed labels, etc., we are not willing to put as much weight on the absence of the words "from a store" in the second section of the statute as the Pearman division may have done when it stated section 2 applies to "all cases where theft occurs." Id.
¶ 32 In addition, we note that the phrase "in all cases where theft occurs" is found in the first sentence of the section, prefacing the reference to affixed labels, tags, and signs. It is not found in the last sentence which explicitly refers to the admission of hearsay, and insofar as the Pearman division spliced the phrase into the last sentence, we disagree with its analysis.
¶ 33 Third, we are reluctant to conclude that the General Assembly intended to except from the hearsay rule all types of evidence of the value of a stolen item and embedded that broad exception in a statute. Generally, the exceptions to the hearsay rule are explicitly listed in Rule 803. The hearsay rule, and its exceptions, are the product of decades, if not centuries, of the evolution of the common law of evidence. See generally John H. Wigmore, The History of the Hearsay Rule , 17 Harv. L. Rev. 437, 448 (1904). At least two exceptions listed in Rule 803 address evidence similar to the evidence which the prosecution sought to admit here: (1) market reports and commercial publications, Rule 803(17) ; and (2) public records and reports, Rule 803(8). Counsel and courts generally turn to Rule 803 when considering whether evidence is admissible despite the hearsay rule. Indeed, in connection with this affidavit, no party suggested to the trial court that it was admissible under section 18-4-414 ; the argument was centered instead on Rule 803(6).
¶ 34 To the extent that hearsay exceptions are found in other statutes, for example in section 13-25-129, C.R.S. 2018 (child hearsay exception) or section 13-25-129.5, C.R.S. 2018 (hearsay exception for persons with disabilities), we note that those exceptions include specific requirements for independent indicia of reliability, the touchstone of the hearsay exception in Rule 803, and are not blanket exceptions as urged by the People's interpretation of section 18-4-414(2). Without the independent assurance of reliability, simple hearsay evidence of value, which is most likely going to be testimonial evidence, would run afoul of the Confrontation Clauses. But where the hearsay evidence *792 of value is limited to price tags, signs, and shelf tags, as specified in section 18-4-414(2), it is almost certainly not testimonial, and the market forces, referenced in Schmidt , ensure sufficient elements of trustworthiness to allow the hearsay. We thus reject the People's argument that the last sentence of section 18-4-414(2) provides a catchall exception to the hearsay rule whenever the value of a stolen item is at issue.
¶ 35 Because the affidavit presented here does not fall within the business records exception, or a category of evidence alluded to in the statute cited by the People, we hold that it was inadmissible hearsay and that admitting it was an abuse of discretion.
¶ 36 We also conclude that the admission of this evidence was not harmless. The People do not argue that any alternative evidence of the trailer's value was presented at trial, nor do we find any on our review of the record. We therefore reverse.
III. Insufficient Evidence of Theft
¶ 37 Defendant was convicted of one count of class 5 theft - $5000 to $20,000. However, he claims on appeal that because the only evidence given at trial of the trailer's value was inadmissible, he could only be convicted of class 1 petty theft and his conviction must be reversed. Meanwhile, the People argue that if we find admission of the affidavit to be reversible error, they should be permitted to retry the theft charge.
A. Preservation and Standard of Review
¶ 38 The parties agree that defendant preserved his sufficiency claim by moving for a judgment of acquittal and that we review this issue de novo. See People v. Perez , 2016 CO 12, ¶ 8, 367 P.3d 695. They also agree that because sufficiency-of-the-evidence claims raise constitutional concerns, we reverse for any error unless it was constitutionally harmless. See People v. Springsted , 2016 COA 188, ¶ 17, 410 P.3d 702.
B. Applicable Law
¶ 39 In reviewing a sufficiency-of-the-evidence claim, appellate courts must determine whether the "relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." Clark v. People , 232 P.3d 1287, 1291 (Colo. 2010) (quoting People v. Bennett , 183 Colo. 125, 515 P.2d 466, 469 (1973) ).
¶ 40 Where, as here, the value of the item stolen determines the grade of the offense, the People must present competent evidence of the reasonable market value of the item at the time of the commission of the alleged offense. People v. Moore , 226 P.3d 1076, 1084 (Colo. App. 2009). Market value is what a willing buyer will pay in cash to the true owner for the stolen items. Id.
C. Analysis
¶ 41 Because the inadmissible affidavit listed evidence of replacement cost and cash value, but not market value, and because no other evidence of the trailer's value was presented at trial, we conclude that the jury heard no competent evidence of the trailer's value. See id. , 226 P.3d at 1084. Thus, the evidence was necessarily insufficient to find defendant guilty of the class 5 felony of theft - $5000 to $20,000.
¶ 42 However, in the face of this insufficiency, the parties dispute the proper remedy. Defendant argues that the judgment of conviction should be reversed and the case remanded for entry of judgment on a lesser theft charge that requires no proof of the stolen item's value, citing to People v. Codding , 191 Colo. 168, 170, 551 P.2d 192, 193 (1976) (where evidence was insufficient to sustain felony theft conviction but sufficient as to misdemeanor theft, conviction of felony theft was reversed and remanded for resentencing on lower charge). The People, meanwhile, urge that they be allowed to retry defendant on the class 5 theft - $5000 to $20,000 - charge, citing to People v. Marciano , 2014 COA 92M-2, ¶ 46, 411 P.3d 831 (where conviction was predicated on erroneously admitted, and therefore insufficient evidence, case was remanded for new trial). Referring to Lockhart v. Nelson , 488 U.S. 33, 34, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the *793 People argue that a re-trial is not precluded by the Double Jeopardy clause in these circumstances.
¶ 43 Although a re-trial is permissible under Lockhart, and while Marciano ordered a re-trial of theft charges reversed because of insufficient evidence of the offense itself, we conclude that this case is different. Here, unlike in Marciano , the People succeeded in proving a theft even without the improperly admitted evidence. The excluded evidence here related only to the degree of the theft, not the fact of the theft.
¶ 44 Therefore, in accordance with the pronouncement in Codding , 191 Colo. at 170, 551 P.2d at 193, where a theft is established by the evidence, but the classification of the theft charged is not proven by competent evidence of value, we conclude that the proper remedy in these particular circumstances is to remand for entry of judgment for the lesser offense.[1]
IV. Sufficient Evidence that Defendant Caused Trailer Damage
¶ 45 Finally, in challenging the restitution order, defendant argues that the prosecution failed to prove that he proximately caused the damage to the trailer. We disagree.
¶ 46 At the restitution hearing, the prosecution introduced unchallenged testimony that defendant stole the trailer, and that the trailer was in rentable condition at the time defendant took possession of it. The prosecution also introduced unchallenged evidence that after being recovered from defendant's unlawful possession, the trailer was not in rentable condition and required $289.05 in repairs that did not result from ordinary wear and tear on the unit.
¶ 47 The trial court entered a restitution order that included the amount of $289.05 for damages to the trailer. On appeal, defendant challenges this order, claiming that the prosecution failed to prove that he was the proximate cause of any damage.
A. Preservation and Standard of Review
¶ 48 Defendant preserved this issue because he contested the order of restitution. He argues that we should review the sufficiency of the restitution determination de novo, while the People argue that we should review it for an abuse of discretion. People v. Vasseur , 2016 COA 107, ¶ 12, 409 P.3d 524. While it is true that the terms and conditions of a restitution award are reviewed for an abuse of discretion, People v. Ortiz , 2016 COA 58, ¶ 26, 381 P.3d 410, defendant here claims that the prosecution failed to prove that he caused the damage, which is a sufficiency determination that should be reviewed de novo. Id. We will therefore review accordingly.
B. Applicable Law
¶ 49 "Restitution" is defined as those losses suffered by a victim that are "proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2018. The prosecution is required to prove an amount of restitution by the preponderance of the evidence, i.e., that the evidence shows that the existence of a fact is more probable than not. Ortiz, ¶ 27.
C. Analysis
¶ 50 We conclude that the evidence presented at the restitution hearing was sufficient to support the trial court's restitution order. Defendant does not allege on appeal that he did not steal the trailer, only that the damage to the trailer could have been caused by someone else, such as the police hauling the trailer away from where defendant was keeping it. But even if we assume the trailer was damaged by police, defendant is still the proximate cause of the damage because his theft was the proximate cause of the necessity of hauling the trailer. This is because proximate cause has been defined as "a cause which in natural and probable sequence produced the claimed injury" and "without which the claimed injury would not have been sustained." People v. Clay , 74 P.3d 473, 475 (Colo. App. 2003)
*794 (citation omitted) (where damage to stolen vehicle resulted from police's failure to use their own resources to store it, defendant's initial theft of the vehicle was the proximate cause of losses incurred by private party seeking restitution). Thus, even if we assume that the trailer was damaged by the police, the damage was the natural and probable consequence of defendant's theft and would not have occurred but for his actions. See id. We conclude that the evidence presented at trial was sufficient for the trial court to find that defendant proximately caused the damage and the restitution award was proper.
V. Conclusion
¶ 51 We affirm the award of restitution but reverse the judgment and sentence for the felony theft conviction, and we remand for an entry of judgment and resentencing on class 1 petty theft.
JUDGE ROMÁN and JUDGE BERGER concur.

We further note the relevant holding in People v. Codding , 191 Colo. 168, 170, 551 P.2d 192, 193 (1976) was recently followed in People v. Reed , 2013 COA 113, ¶ 67, 338 P.3d 364.